### CHARLES G. AUSTIN *vs.* OLE L. ROBERTSON.

### January 23, 1879.

**Requisites of Offer of Testimony.**—When an offer of testimony is made, it must be full enough to enable the court to see that the testimony is material; otherwise the court need not receive it, even though no objection is made to it.

Evidence *held* sufficient to sustain a verdict.

Appeal by defendant from an order of the district court for Chippewa and Lac qui Parle counties, *Brown*, J., presiding, refusing a new trial.

*F. W. Pearsall*, for appellant.

*H. W. Brown*, for respondent.

GILFILLAN, C. J. There was sufficient evidence to justify the verdict.

The action being against defendant, for taking, as sheriff, plaintiff's wheat, in the possession of his agent, A. A. Austin, upon an execution against J. A. Austin, the defendant offered to prove "what J. A. Austin said to him, while he was taking the wheat, in the presence of A. A. Austin, as to the pos-

session and control of the wheat." Upon objection by plain-
tiff, no ground being stated, this was excluded.

When a party makes an offer of testimony, the offer must
be sufficiently full to enable the court to see that the testi-
mony offered is material. If it does not appear to be mate-
rial, the court is not bound to receive it, even though the
opposite party do not object. In other words, a trial court
need not, even though the parties consent to it, spend its
time listening to testimony not affecting the controversy before
it. The testimony offered might or might not be material,
depending on what it was that J. A. Austin said. What he
said the offer does not indicate, and it therefore fails to show
the testimony material.

Order affirmed.