JOHN A. LUCY *vs.* CHARLES F. WILKINS and others.

June 9, 1885.

Evidence—Landlord and Tenant—Surrender of Lease.—The evidence *held* not to show that the lease had been terminated by a surrender of the premises by the tenant and an acceptance by the landlord.

Practice—Offer of Evidence.—When a party makes an offer of evidence, the offer should be sufficiently full to enable the court to see its materiality or competency.

Appeal by defendant Jacoby from an order of the municipal court of Minneapolis, refusing a new trial. A former appeal is reported *ante*, p. 21.

*Thomas Canty*, for appellant.

*F. Hooker*, for respondent.

MITCHELL, J.[1] Plaintiff, as assignee of one Thomas, the lessor, sues the lessees and Jacoby, their surety, or guarantor, to recover rent due upon the lease of a building and certain personal property situated therein. The trial court found all the issues in favor of the plaintiff.

One of the defences of Jacoby was that prior to the time for which the rent is claimed, the lease had been terminated by a surrender by the lessees, and an acceptance of the possession by the plaintiff.

[1]Vanderburgh, J., was absent and took no part in this case.

It is claimed that this is conclusively shown by the evidence and the admissions in the pleadings. The allegations of the complaint are that the lessees vacated and abandoned the premises, and that immediately thereafter plaintiff notified Jacoby of the fact and that a month's rent was due and unpaid, and tendered him possession of the premises, and demanded of him payment of the rent. This does not amount to an admission of a surrender and acceptance. On the contrary, it clearly indicates an intention on the part of the plaintiff to insist upon the terms of the lease. The offer of possession to Jacoby indicated merely a consent on plaintiff's part that he, as surety for the lessees, might avail himself of the benefit of that which his principals had abandoned. We do not think it implies that plaintiff himself had taken possession. But if he had, a re-entry would not, under the express stipulations of the lease, work a forfeiture of the rents to be paid by the lessees.

The evidence is that one of the lessees brought the keys of the building to plaintiff's agent, and left them on the table, stating that they had abandoned the premises because they were untenantable. As to whether the agent accepted them, the evidence is at least conflicting. He says he refused to do so, and told the lessee so. We are by no means prepared to concede that an abandonment of the premises by the tenant, and a delivery to and an acceptance of the keys by the landlord, would alone necessarily amount to a surrender. The acceptance of the keys under such circumstances is not so unequivocal an act as necessarily to indicate an assent on the part of the landlord that the lease should be deemed terminated. See Wood, Landlord & Tenant, § 497, and cases cited; also *Nelson* v. *Thompson*, 23 Minn. 508. But in any event there is no ground, under the facts in this case, for saying that the findings of the court were not justified by the evidence.

2. The next assignment of error is the rejection of evidence tending to show that plaintiff refused to make application to the city water board for water for the use of the tenants. One of the covenants of the lease was that the landlord was, during the term of the lease, to pay $15 a year towards the water rent, and the lessees to pay the balance. We may assume that reference was here made to

the city water, and that it was implied that such water was to be used in the building. We must also assume, what defendant offered to prove, that it was a rule of the city water board not to supply water except upon application of the owner of the building. If so, it would have been the duty of the plaintiff to make this application upon request of the tenants, and upon their paying or offering to pay their share of the water rent.

The evidence offered by defendant was properly rejected, because it did not include and was not proposed to be followed by evidence that the lessees either paid or offered to pay their share of the water rent. It is true, as counsel suggests, that a party cannot prove his entire case at once. But when a party makes an offer of testimony, the offer must be sufficiently full to enable the court to see that the testimony offered is material. *Austin* v. *Robertson,* 25 Minn. 431.

Inasmuch as plaintiff claims, not as grantee of the real estate, but as assignee of the lease, the suggestion that Jacoby's guaranty did not run with the land has no force.

Order affirmed.