S. R. NORRIS *vs.* B. A. CLARK.

June 23, 1885.

**Contract—Exclusive Agency—Parol Evidence.**—A particular contract construed. Parol evidence to show its meaning *held* properly excluded.

**Practice — Objection — Offer of Evidence.**—If it is not apparent that a favorable answer to a question asked of a witness will be material, it must, if objected to, be accompanied with an offer of further evidence to make it material.

Plaintiff brought this action in the district court for Otter Tail county to recover the price of brick sold to the defendant, under the writing set out in the opinion. The defendant in his answer pleaded (among other things) a counterclaim for commission on brick sold by plaintiff in Fergus Falls. On the trial, before *Collins*, J., and a jury, one Stanford, called as a witness by defendant, was asked whether or not, in the season of 1883, subsequent to July 31, he purchased brick of plaintiff to be delivered in Fergus Falls, which question was on plaintiff's objection excluded. The court directed a verdict for plaintiff, and the defendant appeals from an order refusing a new trial.

*Clapp, Woodward & Cowie*, for appellant.

*Chas. L. Lewis*, for respondent.

GILFILLAN, C. J.    This was the contract between the parties: "This is to state that B. A. Clark is to have the sale of my brick in Fergus Falls during the season of 1883, and that I am to deliver them on board the cars at Fergus Falls at nine (9) dollars per M.; settlement to be made monthly." It does not show any consideration; but as, on the trial, the parties and the court below treated it apparently as valid, we shall assume it to be valid, and that a sufficient consideration was shown. A construction of it is called for in respect to whether it is an agreement that defendant should have the exclusive right to sell plaintiff's bricks in Fergus Falls. When the subject of it is ascertained,—what brick are intended by "my brick," of which defendant was to have the sale in Fergus Falls,—then it covers and includes all, and not merely some part, of such brick. For if some part,

what part? The writing gives no clue to anything less than the whole. It is to be understood as though it read: "Is to have the sale of all my brick sold in Fergus Falls;" *i. e.*, is to have the exclusive right to sell. The oral evidence offered to show such to be the meaning was properly excluded, not only because resort to that kind of evidence was unnecessary, but also because, when the subject-matter is ascertained, we must determine as best we may what the parties intended in regard to it from the language they have selected to express that intention.

In some particulars the evidence appearing in the bill of exceptions is very scanty. For instance, the writing is not dated, and there is no evidence to show on what date it was made. There is none showing to what brick the writing referred,—whether to brick then in Fergus Falls or elsewhere; to brick then owned by plaintiff, or to such as he might afterwards acquire; and if to such as he might afterwards acquire, whether to such only as he should manufacture, or also to such as he might acquire by purchase. It is not apparent that the time and the brick referred to in the question to the witness Stanford, asked evidently to prove a breach of the contract, come within the time during which the writing was in force, and the brick that it mentioned. Therefore it does not appear that an affirmative answer would be material. Where evidence is offered, either by a question to a witness or by direct offer, the offer must be full enough to show the evidence material. *Austin* v. *Robertson*, 25 Minn. 431. If a question is asked and it does not appear that a favorable answer will be material, it must, if objected to, be accompanied with an offer of further evidence to make it material. As no such offer accompanied the question referred to, it was rightly excluded.

Order affirmed.