MICHAEL MCALPINE *vs.* THOMAS R. FOLEY and another.

November 14, 1885.

Bill of Sale—Description of Property.—A bill of sale describing the property sold, "all my entire possessions at Grand Rapids, including the certain household furniture and all paraphernalia thereunto belonging to said house," and then mentioning specific articles both of real and personal property, *held* not to include a stock of liquors.

Offer of Evidence—Materiality.—Rule in *Austin* v. *Robertson*, 25 Minn. 431, that evidence offered must be made to appear material, followed and applied.

Evidence *held* sufficient to sustain the judgment.

Plaintiff brought this action in the municipal court of Minneapolis, to recover the value of a stock of liquors alleged to have been sold to defendants. The answer admitted the sale, and alleged payment. On the trial the defendants offered in evidence the bill of sale referred to in the opinion, which was, on objection, excluded. The plaintiff, on cross-examination, was asked whether he did not have a conversation on a certain day with one Barrett with reference to the sale of the property in question, and Barrett, being called by defendants, was also asked whether he did not have a conversation with plaintiff, and what was said. On plaintiff's objection these questions

were excluded as incompetent, irrelevant and immaterial. Judgment was ordered and entered for plaintiff for the full amount claimed, and defendants appealed.

*R. L. Penney*, for appellants.

*John T. Byrnes* and *David B. Johnson*, for respondent.

GILFILLAN, C. J. Plaintiff, on June 19, 1883, executed a bill of sale to defendants, describing the property as "all my entire possessions at Grand Rapids, including the certain household furniture and all paraphernalia thereunto belonging to said house; also six lots in No. 27; 12 lots in block No. 5; also one flat-boat, one span of horses, one wagon, one tote-sled, one pung." The sale was for a gross price. At the time plaintiff kept a hotel at Grand Rapids, and also kept a saloon across the street from the hotel. In the saloon he had a quantity of liquors, which he claims to have sold to defendants at a subsequent sale, to wit, on June 26th, and for the price of which this suit is brought.

There is sufficient evidence to sustain the judgment for plaintiff, unless, as claimed by defendants both here and by seasonably raising the objection in the court below, the liquors passed by the bill of sale, so that oral evidence of a contrary intent would be inadmissible. The phrase "all my entire possessions," taken without any qualification, would, of course, carry the liquors. So it would carry everything else that the plaintiff possessed, even the clothes on his back, his personal ornaments, or pictures, if he had any, of his wife and children, and the material for his next meal. It is hardly reasonable to suppose, from the use of so general terms, that the parties meant such articles to pass—in other words, that they used the phrase in its broadest sense, although we might be obliged to give it that meaning if there were nothing else in the contract to qualify it. We naturally seek to find a qualification in the contract; and the qualification or limitation is there. A general description of the subject may be restrained by a more particular description in the same contract. Broom, Legal Maxims, 646; 3 Washb. Real Prop. *629; *Thorpe* v. *Thorpe*, 1 Ld. Raym. 235; *Wood* v. *Rowcliffe*, 6 Exch. 407; *Moore* v. *Magrath*, 1 Cowp. 9; *Barney* v. *Miller*, 18 Iowa, 460. This is especially the rule where the general description is indefinite, or such

as to suggest the idea that the parties could not have used it with its fullest and largest meaning. As said by Lord Mansfield in *Moore* v. *Magrath:* "It is very common to put in a sweeping clause, and the use and object of it in general is to guard against any accidental omission; but in such cases it is meant to refer to estates of the same nature and description with those that have been already mentioned." It is very clear that the parties did not intend this sweeping clause to carry everything possessed by plaintiff. For instance, it specifies one flat-boat, one span of horses, one wagon, one tote-sled, one pung. Only one each of these several articles could' pass, no matter how many he may have had. We cannot suppose the particular description was intended to enlarge the general one,—to add something to it,—but rather as intended to render it more definite and certain by specifying particular articles and classes of property as intended to pass. A stock of liquors is not suggested by anything in that particular description. It was therefore proper to prove by parol a sale of the liquors at a subsequent date.

The questions asked by defendants of plaintiff and the witness Barrett come within the rule laid down in *Austin* v. *Robertson*, 25 Minn. 431. It did not appear that the answers would be material; and in such case, if the questions are objected to, the party asking them must state that he expects to prove by them something material.

There is nothing in the other points made by appellants.

Judgment affirmed.