GEORGE W. TURNBULL *vs.* NORTHWESTERN TERRA COTTA COMPANY.

July 7, 1891.

**Agency, whether General or Special — Evidence — Acts of Agent Known to Principal.**—Upon the question of the character of an agency, —that is, whether the agency is general, the agent having the exclusive right to make sales of the principal's ware within certain territory, so as to entitle the agent to compensation for sales within the territory made by himself or the principal, or a limited agency, the agent to make such sales as he could, and receive pay for such as he made,—the direct evidence being conflicting, the acts of the agent known to and acted on by the principal may be shown.

**Verdict—Evidence.**—Evidence *held* sufficient to sustain the verdict.

Appeal by defendant from an order of the district court for Hennepin county, *Smith*, J., presiding, refusing a new trial after verdict of $1,420.35 for plaintiff, in an action for commissions, as agent, on sales of goods for defendant.

*Fred. C. Cook*, for appellant.

*W. C. Leavitt*, for respondent.

GILFILLAN, C. J. Whether plaintiff should recover the amount claimed in his complaint, or defendant recover the counterclaim alleged in its answer, was, by agreement on the trial, made to depend on the character of the plaintiff's agency. He claimed that it gave him the exclusive right to make sales, at a specified commission to him, of defendant's wares within the cities of St. Paul and Minneapolis, so that he would be entitled to the commission on sales made

by the defendant itself. The defendant claims that he was merely authorized to make such sales as he could, and was to receive pay only for such as he made. The direct evidence as to the character of the agency was that of the plaintiff and of the president of the defendant, and was flatly contradictory. What the agent did, and the manner of doing it, known to and acted on by his principal, the letters and telegrams between them relating to the business, what was said by the president in introducing plaintiff to anticipated customers, and whatever would tend to show the situation as it was known to both parties, was competent upon the question. The objection urged against the evidence of that character goes rather to its weight than its admissibility. It was not very important; it certainly left the question in doubt; but the jury might consider that, so far as it went, it supported plaintiff's version of the agreement creating the agency. The instructions of the court excepted to did not go beyond so charging the jury, and were correct. The evidence justified the verdict.

Order affirmed.