T. V. KNATVOLD and Another v. C. M. WILKINSON and Others.[1]

May 24, 1901.

Nos. 12,487—(60).

**Offer of Evidence.**

An offer of evidence on the trial of an action, either by a question to a witness or by direct offer, must be full enough to show the court its materiality. Austin v. Robertson, 25 Minn. 431, and other cases on this point, followed.

**Voluntary Transfer by Insolvent.**

Where an insolvent debtor makes a voluntary transfer of his property for the purpose of hindering and defrauding his creditors, such transfer is void as to the creditors defrauded, even though the vendee has no notice of the fraudulent purpose of his vendor. The fact that the transfer is voluntary,—that is, without consideration,—and for the wrongful purpose, by an insolvent debtor, stamps the transaction as fraudulent and void as a matter of law.

**Verdict Sustained by Evidence.**

Evidence examined, and *held* to sustain the verdict of the jury.

Action in the district court for Freeborn county by plaintiffs, the owners and holders of a judgment against defendant C. M. Wilkinson, to set aside a conveyance of real estate made by him to defendant Ira J. Wilkinson, as being in fraud of creditors, and praying that the premises be directed sold to satisfy plaintiffs' judgment. The case was tried before Kingsley, J., who submitted certain issues of fact to a jury, which issues and the jury's answers thereto are stated in the opinion. Thereafter the court

[1] Reported in 86 N. W. 99.

made findings of fact and as conclusion of law directed judgment in favor of plaintiffs. From an order denying a motion for a new trial and from a judgment entered pursuant to the findings, defendants appealed. Order and judgment affirmed.

*R. S. Farnsworth*, for appellants.

*H. H. Dunn* and *Henry A. Morgan*, for respondents.

BROWN, J.[2]

Plaintiffs, as judgment creditors of defendant C. M. Wilkinson, brought this action to set aside a conveyance of real property to his brother, defendant Ira J. Wilkinson, on the ground that the same was made to hinder, delay, and defraud his creditors. They had judgment in the court below, and defendants appealed therefrom, and also from an order denying a new trial.

The cause was tried before the court and a jury, special issues being submitted to the jury. The issues submitted to them were: (1) Whether a valuable consideration was paid by defendant Ira J. Wilkinson for the conveyance of the property; (2) whether at the time of the conveyance he had notice that his brother, from whom he received the conveyance, was insolvent and unable to pay his debts; (3) whether C. M. Wilkinson made the conveyance for the purpose of hindering and defrauding his creditors; and (4) whether defendant Ira J. Wilkinson had notice of such intent. To the first question the jury answered that no consideration was paid for the property; to the second, that defendant Ira J. knew at the time that his brother was insolvent, and unable to pay his debts; to the third, that C. M. intended by the conveyance to hinder and defraud his creditors; and to the fourth, that Ira J. had no notice of such fraudulent purpose and intent. In addition to these special findings of the jury, the trial court made findings of fact and conclusions of law, and proper judgment was entered thereon in plaintiffs' favor. Defendants have assigned a large number of errors, but it is unnecessary to mention them all. Very many of them are wholly irrelevant, or involved in others, and present no important question. The main point argued by appellants in this court, and the one on which they mainly rely for a

[2] LOVELY, J., took no part.

reversal, is that the findings of the jury are inconsistent, and not justified by the evidence. The findings are to the effect that defendant C. M. Wilkinson, being insolvent and unable to pay his debts, for the purpose of hindering, delaying, and defrauding his creditors made a voluntary conveyance of the property in question to his brother; and, further, that the brother knew of his insolvency, and that he was unable to pay his debts.

We may leave out of consideration entirely the answer to the fourth question, which is that Ira J. did not know of the fraudulent purpose and intent of the conveyance, and the remaining findings are sufficient to support the judgment. The fact that the debtor intended by the transfer to hinder and defraud his creditors, and the further fact that he was insolvent and unable to pay his debts, and that the conveyance of the property in question was voluntary and without consideration, to a person who knew of such insolvency, stamps the transaction as wholly fraudulent and void as to plaintiffs, as a matter of law, even though Ira J. did not participate in the fraud. It is wholly immaterial, under such circumstances, that both parties did not know of, and participate in, the fraudulent purpose of the conveyance. The fraudulent intent of the voluntary grantor is alone sufficient to defeat the transaction. Gere v. Murray, 6 Minn. 213 (305); Hicks v. Stone, 13 Minn. 398 (434); Bump, Fraud. Conv. 339.

We have examined and considered the evidence very fully, and reach the conclusion that the verdict of the jury on these issues cannot be disturbed. It would serve no good purpose as a precedent to enter into an extended discussion of the evidence in this opinion, and we refrain from doing so. We may state, however, that we have not overlooked any of the contentions of appellants' counsel, either as urged on the oral argument, or as presented in his very carefully prepared brief. The evidence is such as is usually presented in such cases, and is not conclusive against the verdict.

We have also examined the several rulings and exceptions of the trial court on the subject of the admission of testimony, and find no prejudicial error. One matter made prominent in counsel's brief on this subject is that the court erred in refusing to permit

the witness C. M. Wilkinson to testify to a conversation had by him with Ira J. over a telephone. Whether a sufficient foundation was laid for the introduction of this conversation we need not determine. No prejudicial error is shown. The question asked the witness on this subject was as follows: "State what the conversation was, in January, 1899, relative to the selling by you to him of the warehouse property in question." There was nothing preceding this question to show to the trial court that an answer to it would be at all material. For aught that appears from the record, the conversation, which occurred some three months prior to the conveyance, might or might not be relevant to the issues in the case. It is very well settled in this state that where evidence is offered, either by a question to a witness or by a direct offer, it must be full enough to show to the court its materiality. Norris v. Clark, 33 Minn. 476, 24 N. W. 128; Lucy v. Wilkins, 33 Minn. 441, 23 N. W. 861; Conlan v. Grace, 36 Minn. 276, 30 N. W. 880; Austin v. Robertson, 25 Minn. 431. For the reason that the question to the witness on this subject did not show the materiality of the conversation sought to be elicited, and as there was no offer to show that the conversation was pertinent to the inquiry before the court, there was no error in sustaining the objection thereto.

Assignments of error Nos. 54 and 55 were waived on the oral argument, and we do not determine the question whether the trial court erred in refusing to hear the motion for a new trial on its merits. But we may say, in this connection, that we have considered the record, and the evidence contained therein, precisely as we do in other cases. A careful reading of the clear and explicit charge of the trial judge discloses no substantial error therein.

The order and judgment appealed from are affirmed.