GAAR, SCOTT & COMPANY v. W. F. BRUNDAGE.[1]

May 29, 1903.

Nos. 13,509—(125).

**Variance—Counterclaim.**

In this, an action to recover a balance for goods sold and delivered, *held*: (1) The defendant was not prejudiced by a variance between the allegations of the complaint and the proof. (2) The findings of fact sustain the conclusion of law of the trial court to the effect that the defendant is not entitled to recover on his alleged counterclaim.

Appeal by defendant from an order of the district court for Martin county, Quinn, J., denying a motion for a new trial. Affirmed.

*C. M. O'Neill* and *Allen & Ward*, for appellant.
*Mathwig, Sasse & Hopp*, for respondent.

START, C. J.

Action to recover a balance of $102.73 and interest for threshing machine extras and repairs sold and delivered by the plaintiff to the defendant. The answer denied the allegations of the com-

[1] Reported in 94 N. W. 1091.

plaint, and set up a counterclaim for $564, alleged to be due from plaintiff to the defendant as commissions on the sale of a threshing machine outfit. The reply put in issue the allegations of the answer as to the alleged counterclaim. The cause was tried by the court without a jury. Findings of fact were made, and as a conclusion of law therefrom it was found that the defendant was not entitled to recover upon his counterclaim, but that the plaintiff was entitled to recover of the defendant $119.05, the full amount of its claim and interest. The defendant appealed from an order denying his motion for a new trial.

1. The trial court found that the allegations of the plaintiff's complaint are true. Such allegations were to the effect that between January 9 and November 20, 1899, the plaintiff, at the request of the defendant, sold and delivered to him certain threshing machine extras and repairs, for which he agreed to pay $316.38, which he has not paid, except the sum of $213.65 by extras and repairs returned and by errors and discount, $55.36 freight paid, and commissions; that upon a settlement thereafter had there was found due from the defendant to the plaintiff the sum of $102.73. The assignments of error relevant to the plaintiff's cause of action are to the effect that the trial court erred in receiving the evidence offered in support of it, and that the finding that the allegations of the complaint are true is not supported by any competent evidence.

The evidence, which was received over the objection of the defendant that it was not admissible under the pleadings, tended to establish substantially these facts: The extras and repairs in question were delivered to the defendant to be sold on commission for the plaintiff and accounted for. On December 19, 1899, the defendant and plaintiff, by its agent, had a settlement as to such extras and repairs, and a written statement thereof made in detail, which was headed, "Sold to W. F. Brundage * * * by Gaar, Scott & Co." Then followed on the debit side a detailed list of the extras and repairs, with the price of each article, amounting in the aggregate to $316.38. The extras and repairs returned, errors and discount, freight paid, and commissions, amounting in

the aggregate to $213.65, were duly credited, leaving a balance due the plaintiff of $102.73. The statement concluded with the words, "Settled as above December 19, 1899," and was signed by both parties hereto. The defendant also promised to send the balance to the plaintiff before January 1, following.

. The defendant does not claim that the balance is not due to the plaintiff, but his claim, in a word, is that he owes it on account of money received for the plaintiff, as the evidence shows, and not on account of goods sold and delivered, as the complaint alleges; hence there is an entire failure of evidence to support either the allegations of the complaint, or the finding of the court that they are true. It must be conceded that there is a variance between the allegations of the complaint and the proof in that the goods were not sold to the defendant, nor did he promise to pay for them, but they were delivered to him, and a settlement made therefor, and a balance found due to the plaintiff, precisely as alleged in the complaint. The complaint fairly informed the defendant of the basis of plaintiff's claim. The defendant could not have been misled by the variance. The errors complained of are technical, not prejudicial, and will not justify a reversal of the order appealed from. Adams v. Castle, 64 Minn. 505, 67 N. W. 637.

2. The correctness of the findings of fact of the trial court as to the defendant's alleged counterclaim is not challenged by the defendant, and we must assume that they are supported by the evidence. The defendant does, however, urge the claim that the facts found do not sustain the court's conclusion of law that he was not entitled to recover on his counterclaim. The facts so found were substantially these: The parties hereto duly entered into the contract designated in the record as "Exhibit 1," whereby the plaintiff appointed the defendant its agent for the county of Martin, this state, for the sale of its threshing machine outfits for the season of 1899, and agreed to pay him a stipulated per cent. on the list price of the property on such sales only as he might make. Such agency contract contained, with others, this provision:

"It is also understood and agreed that the party of the first part

reserves the right to sell to any party or parties in the territory assigned to the party of the second part who may come to Minneapolis, Minn., to buy, or who may mail their orders direct to the party of the first part at Minneapolis, Minn., without liability to the party of the second part for commissions. It is also further agreed that if, for any cause, the party of the second part declines or delays in closing a sale, the party of the first part reserves the right to make same, at its option, without commissions to the party of the second part; but where such parties have been solicited and their attention called to our machines by the party of the second part, then said party of the second part may, on a satisfactory representation of his claim, have such commission as his agency in making the sale will entitle him to, above regular net price."

Pursuant to the terms of the contract, the plaintiff, during the season of 1899, shipped to the defendant, as its agent, a certain steam threshing outfit, hereinafter referred to as the "sample rig," together with a large amount of extras. The defendant thereupon undertook to sell such machinery according to the terms of the contract, and spent a large amount of time and money in his efforts so to do. In June, 1899, he procured from Anderson and Swanson, farmers residing in his territory, an order for the sample rig, which order he immediately sent to the plaintiff at his general office in the city of Minneapolis, whereupon the plaintiff prepared certain notes and a mortgage in accordance with the terms of the order, and sent them to the defendant to be executed by Anderson and Swanson. Thereafter such dealings were had by the plaintiff and defendant with Anderson and Swanson that they refused to execute the notes and mortgage, and refused to purchase the machinery. Further efforts were made by the defendant to sell the sample rig to Anderson and Swanson in July; and he obtained from them another order therefor, but a misunderstanding arose, and the proposed sale fell through, and was abandoned. Afterwards, and on October 6, Anderson and Swanson went to Minneapolis, and there purchased of the defendant a threshing outfit for a sum $90 less than the "regular net price" referred to in the defendant's contract, and the machine was delivered to them. The defendant had no knowledge of this transaction until after its completion by the delivery of the machine. In

November, 1899, the defendant returned to the plaintiff the sample rig, and in December following the settlement was made between the parties as to the extras and repairs to which reference has been made.

We are unable to perceive how, upon this state of facts, the trial court could have reached any other conclusion of law except that the defendant was not entitled to recover upon his counter-claim. There is no finding of any unfair advantage taken of the defendant, or any attempt to deprive him of his commission for a sale which he was attempting to make, when, late in the season, the plaintiff sold a threshing outfit for less than the "regular net price" to parties who came to Minneapolis and there made the purchase.

In this respect the case is to be distinguished from the case of Baskerville v. Gaar, Scott & Co., 14 S. D. 1, 84 N. W. 204, relied upon by the defendant. In that case, pending negotiations of the local agent with a proposed purchaser, another agent of the company induced the purchaser to go with him to Minneapolis, paying his expenses, and the company's general agent there sold him a threshing outfit, and it was held that the local agent was entitled to his commissions on the sale. In this case the defendant's efforts to make a sale were abandoned more than a month before the sale was made by plaintiff at Minneapolis to the purchasers, who came there of their own motion, for aught that appears from the record. If the reservation in the contract giving the plaintiff the right to sell to parties who might come to Minneapolis without liability to the defendant for commissions is absolute, as it seems to be, the defendant is not entitled to commission. But, if it be subject to the same qualification as the right reserved by the plaintiff to make a sale, which the defendant has delayed closing, without commissions to him, still he is not entitled to commissions for making this particular sale, for the only qualification to such right is that the defendant shall have, not the stipulated commission for making a sale, but such commission as his agency in making the sale may entitle him to above regular net price; that is, such reasonable commission above regular net price as his agency in making the sale justly entitles him to.

Now, there is no finding that he had any agency in making the sale, or that the outfit in question sold for any sum above the regular net price; on the contrary, it was sold for less. We adjudge that the trial court's conclusion of law is justified by the facts found.

Order affirmed.