J. L. SUTTON v. F. D. BAKER.[1]

November 27, 1903.

Nos. 13,647—(144).

**Contract Construed.**

A certain contract set out in full in the opinion construed, and *held* to be for the absolute sale of certain articles therein specified, and not a contract for the delivery of the articles mentioned to defendant for sale on commission. *Held*, further, that under the terms of this contract the defendant was given the exclusive agency for the sale of certain stock remedies in the township mentioned therein.

[1] Reported in 97 N. W. 420.

Appeal by plaintiff from an order of the district court for Martin county, Quinn, J., affirming a judgment of a justice of the peace of that county in favor of defendant. Judgment reversed, and case remanded.

*Mathwig, Sasse & Hopp,* for appellant.

*Charles M. O'Neill, Albert R. Allen,* and *De Forrest Ward,* for respondent.

COLLINS, J.[2]

This action was brought in justice court, tried to a jury, and a verdict rendered for defendant. Plaintiff appealed to the district court upon questions of law alone. The record on appeal contained a full transcript of the evidence and all of the proceedings had in justice court. In the district court the judgment of the justice was affirmed, and plaintiff appeals.

The court below was clearly wrong, and should have reversed the judgment appealed from. This action was brought on a contract, a copy of which was made a part of the complaint, in the following words and figures:

"Duplicate Agent's Agreement, Made and entered into this 18th day of June, A. D. 1902, by and between J. L. Sutton of Algona, Iowa, party of the first part, and F. D. Baker of Jay, County of Martin and State of Minnesota, party of the second part. Witnesseth, That party of the first part, for and in consideration of 85c per can for Sutt's Hog Worm Exterminator; 30c per package for Poultry and Condition Powders; 60c per can for Lice Killer; 60c per bottle for Barbed Wire Liniment; 60c per bottle for Sutt's Calf Dehorner Fluid; 60c per bottle for Sutt's Lump Jaw Cure; 85c per sack for Sutt's Young Calf Food Meal; $1.75 for Sutt's Stock Food in sack or boxes; 15c per box for Gall Cure, and 30c per can for Harness Dressing, to be paid in sixty days (60) to J. L. Sutton at Algona, Iowa; J. L. Sutton delivers party of the second part 25 Cans Sutt's Worm Exterminator; 12 cans Lice Killer; 12 bottles Sutt's Calf Dehorner Fluid; sacks Sutt's Young Calf Food Meal; 6 boxes Gall Cure; 12 packages Poultry and Condition Powders; 12

[2] START, C. J., absent, sick, took no part.

bottles Barbed Wire Liniment; 6 bottles Sutt's Lump Jaw Cure; sacks—boxes—Sutt's Stock Food; cans Harness Dressing.

"Second party to pay freight from Algona, Iowa, and also gives said second party the sale of Sutt's Stock Remedies in the Township of Jay, County of Martin and State of Minnesota. Not subject to countermand by second party. And said second party further agreed to keep, or cause to be kept, at least ten cards of advertisements tacked up at the most public places, such as creameries, school houses, livery barns, and blacksmith shops, all the year around, furnished by J. L. Sutton free to the local agent; and should the local agent fail to fulfil any of the above agreement, then J. L. Sutton or his authorized employee, will be unconditionally empowered to cancel this contract by taking back the amount of medicine on hand and appoint another agent, and to give the second agent the same rights and privileges. Should suit be commenced to enforce this contract, party of the second part to pay a 10 per cent. attorney fee.

"J. L. Sutton.
"F. D. Baker.

"Shipping place—Sherburn.
"Post office—Sherburn."

It was alleged that plaintiff furnished and delivered the goods in accordance with the terms of the contract, and had complied with it in every respect, and that the defendant refused to pay any part of the amount due thereon. The answer admitted the making of this contract, and further alleged a parol agreement, entered into concurrently with the contract, in direct contradiction of its terms. There were other allegations, which we need not state, but no valid defense was set forth.

1. The contract, stripped of much that was unnecessary, provides for four things, well stated in the appellant's brief as follows: (1) Plaintiff delivers certain goods enumerated to the defendant, for which defendant is to pay $50.95 in sixty days, and to pay freight thereon from Algona, Iowa. (2) The plaintiff appoints defendant his agent in the township of Jay, Martin county, Minnesota. (3) Defendant is to post bills and thoroughly advertise the goods in said township of Jay. (4)

If defendant fails to fulfil any of the agreement, plaintiff is empowered to revoke the agency; and, if the goods have not been paid for, and plaintiff feels insecure, he may foreclose, and sell the amount of medicine on hand, and appoint another agent.

So that the first question we meet in the case is, was the contract one for the sale to defendant of the goods therein mentioned, or was it a consignment agreement, by which the defendant was to act as plaintiff's agent to sell his goods on commission, and to account to him for the proceeds of the sale, less forty per cent. commission, as alleged in the answer? It is clear that there was no ambiguity about this contract, and that it was one of absolute sale. The price of the articles therein was specifically fixed with definiteness and certainty, as well as the number of each kind. There was an absolute promise to pay in sixty days, in accordance with the agreed price, and the defendant was also to pay freight from Algona, Iowa. There was an absolute transfer of possession and the ownership of the articles mentioned. The plaintiff was without authority to regulate the price or the terms of sale. The defendant could do as he pleased with the goods, and sell them at any price satisfactory to himself, either at a profit or at a loss. There was no provision for a return of any goods to the plaintiff, except as he might exercise his option to cancel the contract and take back such as defendant might then have on hand.

One of the principal tests by which to determine whether a particular contract is one of sale or of consignment is to inquire whether there is a binding promise on the part of one of the parties to pay for the goods described, and there was such a promise here. The defendant was also given authority to sell "Sutt's Stock Remedies" in the township of Jay, and on his part he agreed to advertise the remedies in the manner specified. Should he fail to advertise as stated, the plaintiff had an option to cancel the contract by taking back the amount of medicine on hand, and he was also authorized to appoint another agent. The fact that the contract contained other provisions does not affect the unconditional promise on the part of the defendant to pay $59.50 for the goods ordered. It follows that all of the testimony received at the trial in reference to the verbal agreement made at the time of the execution of the contract should have been excluded. Nothing could be added to the contract by parol, nor could anything be taken from it; for it is

presumed that the parties to an agreement have introduced into it every material item agreed upon.

It is contended that by this contract the defendant was given the exclusive agency for the sale of the stock remedies in the township of Jay, and we so hold. The question is one of construction, and, while an exclusive agency is not given to defendant in express terms, we think it fair to infer from the burdens assumed by him in respect to advertising, and from the fact that plaintiff reserved the right to cancel the contract and to appoint another agent, that an exclusive agency for the town of Jay was intended and was given to defendant. See Norris v. Clark, 33 Minn. 476, 24 N. W. 128.

As before stated, the answer contained no defense, but at this time we call special attention to the fact that there was no allegation to the effect that the contract was procured or entered into through fraud or misrepresentation upon the part of the plaintiff. If such an allegation had been found in the answer, and had been supported by competent evidence, we should have had an entirely different case.

The judgment must be, and hereby is, reversed. Counsel for the plaintiff asks us to order judgment in favor of their client for the full amount demanded in the complaint. This we expressly decline to do. Case remanded.