## AMIL TILLMAN v. INTERNATIONAL HARVESTER COMPANY OF AMERICA, CHAMPION DIVISION.[1]

October 21, 1904.

Nos. 14,000—(33).

**Conversion—Evidence.**

> Evidence *held* sufficient to sustain the verdict, and the various assignments of error *held* not well taken.

Appeal by defendant from an order of the district court for Blue Earth county, Lorin Cray, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $122.70. Affirmed.

*Thomas Canty* and *Long & Dwyer,* for appellant.

*A. H. Lossow* and *C. N. Andrews,* for respondent.

BROWN, J.

Action in conversion, in which plaintiff had a verdict, and from an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial, defendant appealed.

The evidence presented on the trial justified the jury in finding that some time prior to the date of the alleged conversion the parties entered into an agreement whereby defendant sold and delivered to plaintiff a harvester and binder of the value of $125, and received from plaintiff in full payment therefor a certain horse. Defendant subsequently returned the horse to plaintiff on the claim that it was unsound, and the

[1] Reported in 101 N. W. 71.

agents of defendant took the harvester from plaintiff, and converted it to the use of defendant. The question as to the unsoundness of the horse, or the right of defendant to rescind the contract, was not gone into on the trial. Defendant placed its defense to the action upon a denial that the horse was received in payment for the harvester, and, further, if any exchange of properties had been made, as claimed by plaintiff, it was subsequently rescinded by mutual consent, and the machine voluntarily returned to defendant by plaintiff.

It is urged in this court, under the first assignment of error, that the evidence is conclusive that there was a voluntary rescission or abandonment of whatever contract the parties may have entered into, that the harvester was retaken by the agents of defendant with the consent of plaintiff, and that judgment should have been ordered by the court below for defendant, notwithstanding the verdict. An examination of the evidence satisfies us that defendant cannot be sustained in this contention. The evidence upon the question was conflicting and properly submitted to the jury for their consideration. While there are some circumstances indicating that defendant's position in this respect is in accordance with the fact, still it does not conclusively so appear; and the evidence is not so clear in that direction as to warrant this court in so holding, in view of the verdict of the jury, and the fact that it has been sustained by the trial court.

The other assignments present no reversible error. Assignments 6 and 7 were not included in the motion for a new trial in the court below. There were no exceptions on the trial to the rulings there complained of, and they cannot be considered. There was no error in sustaining the objection to the question complained of by assignment No. 5. The question referred to the condition of the horse, and was, "What did you find when they hitched her up, apparently?" It did not disclose that an answer would be material to the issues, and was unaccompanied by any offer to show that the horse was in fact unsound, and that for that reason defendant claimed and asserted the right to rescind the contract, or to show its materiality in any other respect. Knatvold v. Wilkinson, 83 Minn. 265, 86 N. W. 99, and cases cited. The charge of the court was in accordance with the theory of the trial, and the objections now urged against it are not well taken.

Order affirmed.