## ALUMINUM PRODUCTS COMPANY v. A. E. ANDERSON.[1]

October 19, 1917.

No. 20,253.

**Principal and agent — sale by principal — agent's right to commission.**

1. Plaintiff, an Illinois corporation, appointed defendant exclusive representative for the sale of its products in the states of Minnesota

[1]Reported in 164 N. W. 663.

and Iowa, agreeing to pay a stated commission on accepted orders. Defendant had attempted without success to obtain an order from a certain Minneapolis dealer; thereafter while in Chicago a representative of said dealer gave an order for plaintiff's products to an agent of plaintiff whom he met there, which order was filled by plaintiff and shipped to the dealer at Minneapolis. It is *held* that defendant was not entitled to a commission on this order.

### Same — striking out evidence.

2. It was not error to strike out the evidence in regard to a claim of defendant as not within the issues made by the pleadings.

### Principal and agent — amount of agent's commissions.

3. The record fails to show that defendant was entitled to commissions in excess of the amount allowed by the trial court.

Action in the municipal court of Minneapolis to recover $485.29 for goods sold and delivered. The answer set up counterclaims for $447.31. The case was tried before Montgomery, J., who at the close of the testimony directed a verdict in favor of plaintiff for $326.10, with interest. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Carl C. Meixner* and *Charles A. Dalby,* for appellant.

*Allen & Fletcher,* for respondent.

BUNN, J.

At the close of the testimony the trial court directed a verdict for plaintiff in the sum of $326.10 with interest. The jury returned its verdict as instructed, and defendant appeals from an order denying a new trial.

Plaintiff is an Illinois corporation engaged in the manufacture and sale of aluminum ware. Defendant lives in Minneapolis, and, in the years 1914 and 1915, was plaintiff's agent for the sale of its goods to the trade in Minnesota and Iowa, under a contract the material parts of which are as follows:

*"We hereby appoint you exclusive representative for the sale of our product* in the states of Minnesota and Iowa on the following basis: We allowing you a 25 per cent commission on all accepted orders where sold at list 'B' prices to the Hardware, Department Store, Crockery and

Hardware Jobbing Trade. * * *

"Commissions on all accepted orders to be paid on the 1st and 15th of each month following date of shipment.

"Shipments to you direct, terms; * * *

*"In view of our giving you the exclusive control of our goods in the above mentioned territory,* it is understood that you will give its sale your undivided attention.

"It is understood that all accepted orders will have our immediate attention, shipments being made as soon as possible after receipt."

We have italicized words in the above instrument that are important on this appeal.

Defendant employed agents and made sales through them and personally during 1914 and part of 1915. A disagreement arose between him and plaintiff over the account between them and defendant severed his connection with the business. Plaintiff then brought this action to recover a balance of $485.29 alleged to be due for goods sold and delivered to defendant. On the trial it was stipulated that the sum of $412.88 was due from defendant on this cause of action. Defendant had interposed counterclaims amounting to $447.31, mainly claims for commissions on sales claimed to have been made by him. The trial court allowed defendant $99.02 on these counterclaims, and directed the verdict for the difference between that sum and the $412.88 admitted to be due plaintiff for goods sold to defendant. Defendant claims on this appeal that this was error, that he was entitled to various commission credits beyond those allowed by the trial court, or at least that there were questions for the jury on the disputed items.

1. The largest of those items presents the main question, and one that is not free from doubt. Defendant had tried without success to obtain an order from Hartman Furniture & Carpet Company in Minneapolis. Thereafter a representative of that house was in Chicago attending a furniture convention where he met a Mr. Hooven of Pittsburg, an eastern sales agent of plaintiff. Through his efforts a sale aggregating $705 was made to the Hartman Company, and the goods were afterwards shipped to that company at Minneapolis. Defendant, on discovering this sale, asked a commission thereon, and was allowed 2 per cent and no more. He claims that under his contract with plaintiff he was entitled

to 25 per cent on this sale. It will be noted that the sale was not made in defendant's territory, but was made to a house located in that territory, and the goods shipped there. Counsel relies upon language of the contract which we have above italicized and here repeat:

"We hereby appoint you exclusive representative for the sale of our product." "In view of our giving you the exclusive control of our goods in the above mentioned territory."

There is nothing controlling in the Minnesota cases. It is well settled in this state, though the authorities elsewhere are not wholly in accord (see Bluthenthal v. Bridges, 91 Ark. 212, 120 S. W. 974, 24 L.R.A.[N.S.] 279) that a broker who is given the exclusive right to sell a particular piece of real estate, or to procure a loan, is not entitled to a commission when the principal himself makes a sale or procures the loan, unless the agent was the procuring cause. This is true although the broker in fact finds a purchaser or lender after the principal does but before the broker has notice of this. Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569, 5 L.R.A. 720, 16 Am. St. 731; 3 Notes on Minn. Reports, 171; Baars v. Hyland, 65 Minn. 150, 67 N. W. 1148; Mott v. Ferguson, 92 Minn. 201, 99 N. W. 804. The principal cannot employ another agent to sell the property or procure the loan, but he is not prevented from doing so himself merely because he has given the broker an exclusive agency. Doubtless the same rule applies to an exclusive agency to sell a particular article of personal property, and probably to a case like that at bar, where the exclusive agency is to sell goods of the principal within a certain territory. Plainly the principal cannot employ other agents to sell in the same territory without being liable to the first agent, but a sale by himself would not entitle the agent to a commission, unless the latter had done something towards making the sale. In Turnbull v. Northwestern Terra Cotta Co. 46 Minn. 513, 49 N. W. 229, it seems to have been conceded, or at least assumed, that an exclusive agency to plaintiff to sell defendant's wares at a specified commission within certain territory would entitle plaintiff to the commission on sales made within the territory by defendant himself. That was not decided, however, the only question on the appeal being as to whether the evidence sustained the finding of the jury that the agency was exclusive. The other Minnesota cases cited, Norris v. Clark, 33 Minn. 476, 24 N. W. 128, and Sutton

v. Baker, 91 Minn. 12, 97 N. W. 420, have no bearing on the question.

The authorities from other states are apparently if not in fact conflicting. The trial court relied on Haynes Automobile Co. v. Woodill Auto Co. 163 Cal. 102, 124 Pac. 717, 40 L.R.A.(N.S.) 971. In that case the contract gave defendant the exclusive sale of Haynes' cars in Los Angeles and southern California. A resident of Los Angeles, while in Chicago, ordered a car from plaintiff at its factory in Indiana. The car was paid for there and shipped to the purchaser at Los Angeles. The court held that defendant was not entitled to a commission on this sale. The only possible distinction between this case and the one at bar is found in the language: "In view of our giving you the exclusive control of our goods in the above mentioned territory" in the contract before us. The most that can be claimed for this language is that it throws light on what was meant by "exclusive representative for the sale of our product." We are unable to see that the latter expression clarifies the former, much less that it changes its meaning. The situation was simply that defendant was given the exclusive agency to sell plaintiff's wares in a certain territory. The Haynes case is really on all fours with this. Among the cases cited by the court for its decision in that case is Golden Gate Packing Co. v. Farmers Union, 55 Cal. 606, a case much like the one at bar in its facts. This case was cited by Justice Mitchell in Dole v. Sherwood, to the proposition that an exclusive agency merely prohibits the placing of the property for sale in the hands of any other agent, but not the sale of the property by the owner himself. Other decisions are cited in the note in L.R.A. which lend support to the Haynes decision. The cases looking the other way must be considered in the light of the settled doctrine of this court established by Dole v. Sherwood, supra, and succeeding cases, as well as the light of the particular facts in each case. The contract involved in Garfield v. Peerless Motor C. Co. 189 Mass. 395, 75 N. E. 695, was interpreted in the light of evidence as to trade usage. In spite of some claim to the contrary, we find no such evidence in the present case. In Marshall v. Canadian Cordage & Mnfg. Co. 160 Ill. App. 114; Illsley v. Peerless Motor C. Co. 177 Ill. App. 459, and W. G. Taylor Co. v. Bannerman, 120 Wis. 189, 97 N. W. 918, as well as in Garfield v. Peerless Motor C. Co., there were peculiar provisions in the contracts which convinced the courts that it

was intended that the agent should have a commission on each sale to a resident of his territory, no matter by whom or where made. See 2 C. J. 777, for a discussion of the question and a full list of authorities.

It is needless to further discuss authorities. It is the view of a majority of the court that the trial court correctly ruled out the claim of a commission on the Hartman sale. That sale was made outside of defendant's territory. There was no intention whatever to prevent his making a sale to this customer. He had tried and failed. He had done nothing to earn the commission, and there is no evidence that he ever would have earned it. It can make no difference that the order was secured by another agent of plaintiff, so long as there was no attempt to invade defendant's territory.

2. As to the next item which defendant claims the right to recover, it is somewhat difficult to understand the facts from the record in this court. This is the Adams item. Defendant gave some testimony to the effect that Adams was his agent for northern Minnesota, that he had advanced to him $288, that of this sum Adams refused to pay back $145, claiming this as his commissions on goods sold. Defendant made claim of this sum from plaintiff, but it was not allowed. The testimony as to this item was stricken out on the ground that it was not admissible under the pleadings. The record fails to show that there was any error here or in the court's refusal to allow an amendment to the answer.

3. We have carefully examined the evidence in regard to the numerous smaller items that defendant claims. It is rather confusing, but we feel reasonably safe in saying that the record returned to this court fails to show that the trial court erred in not allowing defendant anything in excess of $99.08 on these items. This amount, with what was credited defendant in fixing the amount of plaintiff's claim at $412.88, seems to cover everything that on defendant's testimony can be called commissions on accepted orders.

**Order affirmed.**