## CARL CORNELL v.
## N. F. C. ENGINEERING COMPANY, INC.

144 N. W. (2d) 369.

July 8, 1966—No. 40,024.

*Richard Meyers,* for appellant.
*Iverson, Coulter & Nelson,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the trial court denying the plaintiff's motion to amend findings of fact and conclusions of law or for a new trial. The action involves a claim for unpaid commissions to which the plaintiff contends he is entitled under the terms of an alleged exclusive sales agreement.

The plaintiff, Carl Cornell, is a manufacturers representative and for 13 years has been engaged in the sale of gift and houseware products on a commission basis. The defendant, N. F. C. Engineering Company, Inc., manufactures insulated serving ware. The dispute grows out of an agreement entered into between the plaintiff and the sales manager of the defendant corporation by which the plaintiff agreed to sell the defendant's products in a certain defined geographical area. The contract upon which the plaintiff relies is expressed in a letter dated November 9, 1959, written to him by the company's sales manager which, so far as relevant here, states:

"Dear Carl:

"As you know, Carl, I have been handling the Minnesota territory myself, and have felt that perhaps we were not getting the volume we should out of our jobbing accounts. * * *

"While we are restricting you somewhat, I do feel that the line can produce some interesting volume for you. We have never issued formal sales contracts, Carl, however, you may use this letter as your authority to represent our firm. I am outlining below the territory, accounts to be covered, and commission arrangements.

"1. *Territory*—Minnesota, North Dakota, South Dakota, Wisconsin (*excluding* Milwaukee, Madison, & surrounding area)."

"2. *Accounts to be covered*—As you know, Carl, there are certain accounts that I will continue to handle—also the restaurant trade is handled separately. Generally in Minnesota, you will contact all Hardware jobbers and all other accounts, except as outlined below: [List of excepted accounts.]

"Listed below are accounts that have been sold in the past, and that you will be responsible for: [List of included accounts.]

"Undoubtedly there are many other accounts that you are familiar with that are not listed here. If there is any question about them don't hesitate to call me.

"3. *Commission*—The rate of commission is 10% except on the promotional TEMP-O-TUMBLERS whereas the commission on the TEMP-O-TUMBLERS is 7%. You will be paid on all deliveries sold in your territory except as outlined in paragraph #2. Commissions are due and payable on the 15th of the month following delivery."

After the case was submitted, the court made the following findings of fact:

"IV.

"The agreement between the parties gave plaintiff the right to sell the products of defendant in a territory consisting of Minnesota, North Dakota, South Dakota and Wisconsin (excluding Milwaukee, Madison and surrounding area). It made specific reference in paragraph 2 to certain accounts not included. These were to the restaurant trade and to accounts which defendant's sales manager would continue to handle. It referred to other specific accounts sold in the past which plaintiff would be responsible for. It stated: 'You (plaintiff) will be paid on all deliveries sold in your territory except as outlined in paragraph #2.' It stated that: 'Generally in Minnesota, you (plaintiff) will contact all Hardware jobbers and all other accounts, except as outlined below.'

"V.

"At the time of said agreement, and during all the period of plaintiff's employment, defendant's products were being sold in the territory outlined above by a Mr. Castilero, who called primarily on the giftware trade, and certain department stores were sold by an agency known as

394

Giftware Distributors. This was known by plaintiff during the period he was employed by defendant.

"VI.

"On March 22, 1960, defendant's sales manager wrote plaintiff stating that nine named additional accounts were being added 'to your territory.' Seven of these accounts were among those reserved by defendant in the original agreement, but two were not among those so reserved.

"VII.

"On April 19, 1963, plaintiff's employment with defendant was terminated by action of defendant through its sales manager.

"VIII.

"Plaintiff did not receive from defendant commissions on all sales by defendant in the geographical territory described above for the period of his employment by defendant.

"IX.

"The agreement between plaintiff and defendant did not give plaintiff the right to receive a commission on all sales by defendant or its agents (excluding commission from those accounts listed specifically reserved by defendant) in the geographical territory covered by the agreement and plaintiff is not entitled to recover from defendants commission sales made by defendant or its other agents in such territory for the period of plaintiff's employment by defendant."

The plaintiff contends that on the basis of the letter of November 9, 1959, he had an exclusive right to sell the defendant's products in the area described subject to the reservations expressed in it and that he is entitled to recover commissions on sales made or consummated by the company or its other agents or representatives regardless of whether he was the producing cause of such sales.

The trial court concluded that the letter upon which the plaintiff relies contained ambiguities and contradictions and that even if the words contained in paragraph 3 of the letter of November 9—to the effect that "You will be paid on all deliveries sold in your territory except as outlined in paragraph #2"—gave some support to his claim, the plaintiff waived performance of the contract by the manner in which it was carried

out. It appears from the record that at the time the plaintiff entered into the agreement with the defendant company, and continuing through the term of his employment, he was aware of the fact that the sales manager was retaining a substantial number of accounts. He was also aware of the fact that one Angel Casteleiro, a salesman who had been with the company for some years, was also continuing to call on and sell certain accounts in the area not excluded in the letter. He knew that the products of the company were being sold throughout the area, especially to large department stores, by two jobbing concerns. No commissions were ever paid to him on these sales nor does the record indicate that he expected to receive them. Moreover, the record is fairly conclusive that he was aware of the fact that commissions on such sales were paid to the other agents and representatives on sales made by them, and that it was the understanding of the defendant company that he was to receive commissions only on sales made and consummated by him.

■ Since the relationship between agent and principal is contractual, whether an agent or broker employed to sell personalty on commission is entitled to commission on sales made by other representatives or agents of the principal depends upon the intention of the parties and the interpretation of the contract of employment. As in other cases involving interpretation, all of the circumstances will be considered.

It is generally agreed that no general rule of application may be enunciated, each case being determinable on its own facts. Sutton v. Baker, 91 Minn. 12, 97 N. W. 420; Gaar, Scott & Co. v. Brundage, 89 Minn. 412, 94 N. W. 1091; Smith v. Preiss, 117 Minn. 392, 136 N. W. 7; Annotations, 126 A. L. R. 1233 and 12 A. L. R. (2d) 1360.

■ Moreover, the law will impute to a person an intention corresponding to the reasonable meaning of his words and conduct. It is well recognized that where the meaning of a contract is doubtful, the practical construction which the parties have placed upon it will be followed by the courts. Koch v. Han-Shire Investments, Inc. 273 Minn. 155, 140 N. W. (2d) 55; Turnbull v. Northwestern Terra Cotta Co. 46 Minn. 513, 49 N. W. 229.

Viewing the letter of November 9, 1959, in light of the surrounding circumstances and the interpretation placed upon it by the acts and

conduct of the parties themselves, we are persuaded that the trial court was correct in holding that the parties did not intend that the plaintiff should have commissions on sales made by the defendant company through other agents and jobbing concerns in the area described.

Affirmed.