## LaFavorite Rubber Manufacturing Company v. H. Channon Co.

### Gen. No. 11,082.

1.  MEASURE OF DAMAGES—*in action to recover commissions.*  Where a party has by contract the exclusive sale rights of particular goods for a specified period within certain territory and the party granting such rights sells goods within such territory and refuses to allow such sales agent anything upon account thereof, such agent can only recover the actual damages which he has suffered and cannot recover any particular percentage of profit without proof that he could or would have made the sales in question at a price which would have netted him such percentage of profit.

2.  MEASURE OF DAMAGES—*when instruction upon, is misleading.* An instruction upon the measure of damages which tells the jury that where one party to a contract is prevented by the acts of the other from performing, the party so prevented from performing " can recover all damages suffered by him by reason of the default of the other party," is misleading in not limiting the jury to the allowance of actual damages.

3.  SALES CONTRACT—*construed.* A contract which gives the exclu-

sive right to sell particular goods for a specified period within a certain territory, which provides, among other things, that " any and all orders for your goods that may be received in this territory to be referred to us to be filled or to be filled by you and billed by us," does not mean that any orders in such territory received by the manufacturer should either be referred to the agent to fill or if filled by the manufacturer, the bills should be made out and the prices fixed by the sales agent.

Action of assumpsit for breach of contract.   Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903.   Reversed and remanded.   Opinion filed April 12, 1904.

SMITH, HELMER & MOULTON, for appellant.

BULKLEY, GRAY & MORE, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant sued to recover for goods sold and delivered to appellee.   The latter pleaded the general issue and filed an additional plea claiming a set-off for damages alleged to have been suffered by appellant's breach of contract.  The contract consisted of a letter from appellee proposing terms for an arrangement by which the latter was to have the exclusive sale for five years, in certain specified territory, of all goods manufactured by appellant.  The letter contains the signature of appellee, below which appears, "Accepted, LaFavorite Rubber Mfg. Co.   Jno. M. Sweeny, Sales Manager."   It was contended on the trial that John M. Sweeny had no authority to make any such contract, and that it was repudiated by appellant's board of directors as soon as they could do so after learning of the acceptance. It is conceded, however, that for the purposes of this appeal, the question of Sweeny's authority may be treated as practically settled by the verdict of the jury, and the validity of the contract and its breach by appellant regarded as established.   The breach of the contract consisted, it is said, not in refusing to ship goods ordered by the appellee, but in appellant's filling orders which it received from the territory belonging under the contract to appellee, and depriving the latter of the right to bill the goods and receive

its profit thereon. There is evidence tending to show that appellee's net profit at the prices it was charging upon the class of goods actually sold and delivered by appellant in that territory, was fifteen per cent of the prices at which the goods were sold by appellant. The main controversy, as presented here, is, as stated by appellee's attorneys, " what, if any, claim has appellee for commissions or damages by reason of the sales made by appellant within appellee's territory which can be set off against the claim of appellant amounting to $2,091.80 ?"

Appellant mainly relies for reversal of the judgment upon the proposition that the trial court adopted a radically wrong basis for the measure of damages for breach of the contract in question. It was and is contended by appellee that the latter is entitled to profits on all sales made by appellant within the territory in which, under the contract, appellee was entitled to the exclusive right of sale. Appellant contends that this was erroneous, there being no evidence tending to show that appellee in any event could have made any of these sales itself, and it is claimed that appellee was entitled to no more than nominal damages of one cent. It is argued that as there was no failure or refusal on the part of appellant to supply appellee with all the goods it asked for or required, and the latter received freely all the goods it ordered, it was kept in position to complete any and every sale to all customers it could procure in that territory in the same way and to the same extent as if the contract had been fully observed by appellant, and as if the latter had itself made no sales there. Appellant did sell some of its goods in the territory in question, but the evidence tends to show that it sold them at the same price at which it sold to appellee, and so far as we are advised there is no evidence that it sold to any party who would otherwise have purchased of appellee. There is, moreover, evidence tending to show that two of the largest customers to whom appellant sold direct in that territory would not have bought the goods if obliged to get them from appellee; and that the sale made by the appellant to others

amounted to less than $7,000, fifteen per cent of which would have been only about half of what the jury allowed appellee as damages. It seems to have been the view of the trial court that the measure of damages appellee was entitled to recover was fifteen per cent upon all the goods appellant sold in that territory, regardless of whether appellee itself could have made such sales, and whether the purchasers would have paid to it for the goods a price high enough over and above what it paid appellant for them to enable appellee to make the profit claimed.

Actual damages is all the law allows in case of a breach of contract, and "it does not follow because a party makes a purchase at a lower price that he would have bought it at a higher price." Cincinnati S. L. G. I. Co. v. Western S. L. Co., 152 U. S. 200–205. To entitle appellee to recover a profit of fifteen per cent upon prices which appellant sold the goods for, which prices were the same appellee would have had to pay for the same goods, there must be some evidence tending to show that appellee could or would have made the sales in question at a price fifteen per cent higher than appellant received, and there is no such evidence. As said in the case referred to (*supra*), "it is against all the rules in respect to damages for a breach of contract to give the defendant the profits of a sale which it did not make and which there is no reason to believe it ever would have made." Hall v. Stewart, 58 Ia. 681–688; Seymour v. McCormick (16 How. 480), 21 U. S. 267–269; Pelts v. Eickle, 62 Mo. 171–179.

But it is said in behalf of the appellee that by the terms of the contract in the case at bar it made no difference who procured the order or made the sale. The contract provides that appellee shall have the exclusive sale for five years in the territory described, and then proceeds as follows: "Any and all orders for your (appellant's) goods that may be received in this territory to be referred to us to be filled or to be filled by you and billed by us." This is construed by appellee to mean that any orders in that territory received by appellant should either be referred to

LaFavorite Rubber Mfg. Co. v. H. Channon Co.

appellee to fill, or if filled by appellant the bills should be made out and the prices fixed by appellee. Appellant did not refer the orders in controversy to appellee to fill, nor were the goods billed by or in the name of appellee. But unless under the contract appellee was entitled not only to fix the prices for the goods on orders so filled by appellant but also to fix the prices for the goods so ordered at a rate such as to give a profit over and above the prices charged appellee by appellant, appellee was not damaged by such breach of the terms of the contract, as it claims to have been. In our opinion the language " or to be filled by you and billed by us," is not broad enough to bear such construction. That clause might very well be open to the interpretation that appellee's right to exclusive sale in the territory was intended to be subject to the proviso that appellant should have the right to fill any orders therein, provided appellee was allowed the privilege of billing such orders itself or having them billed in its own name. It would be making a contract for the parties which they did not make for themselves, should we hold that this phraseology gives appellee the right not only to bill the goods sold to fill such orders, but also to fix the prices at which they should be sold and billed for its own profit. The contract does not so provide.

Complaint is made of an instruction wherein the jury were told that a party prevented by the acts of the other party to a contract from performing, " can recover all damages suffered by him by reason of the default of the other party." This may have been misleading in this case. Recovery can be had of actual damages shown by the evidence only.

In view of the conclusions stated, we deem it unnecessary to review other matters considered in the briefs. The judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*