## Frank P. Illsley, Appellee, v. Peerless Motor Car Company, Appellant.

### Gen. No. 17,027.

1. AGENCY—*effect of contract making one "exclusive agent" in certain territory.* Where defendant enters into a contract with plaintiff making him "exclusive agent" for the sale of its cars in certain territory, it is not to be distinguished from a contract giving "exclusive sale," and a sale to a customer in plaintiff's territory by the defendant directly or through an agent in other territory is a violation of the contract.

2. DAMAGES—*where actual damage must be shown.* Where defendant sells its cars in violation of a contract making plaintiff exclusive agent in that territory, and the contract contains no provision for the payment of commissions but contemplates that plaintiff's profit shall be the difference between the purchase price and selling price, and it is not shown that there is a trade custom or usage which entered into the contract to the effect that plaintiff is entitled to commissions, it is incumbent upon plaintiff in order to recover more than nominal damages to prove actual damages.

3. DAMAGES—*Where plaintiff must show sales could have been made by him.* Where defendant sells its cars in violation of a contract making plaintiff exclusive agent in that territory, and the contract does not provide for commissions, and there is no proof of a trade custom which would entitle plaintiff to commissions, one of the elements necessary to be shown by plaintiff to entitle him to actual damages is that the sales in question could have been made by him if defendant or its agents had not made the same.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed February 19, 1913. Rehearing denied March 3, 1913.

MONTGOMERY, HART & SMITH, for appellant.

HENRY F. DICKINSON, for appellee; WILLIAM H. TATGE, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by Frank P. Illsley, appellee, against The Peerless Motor Car Company, appellant, to recover commissions on the sale of two automobiles, wherein a trial by jury in the Circuit Court resulted in a verdict and judgment against appellant for $2,039, to reverse which judgment this appeal is prosecuted.

By the terms of a written contract, bearing date October 10, 1903, appellee was made the exclusive agent of appellant for the sale of its motor cars "in the territory included in the State of Illinois north of a line drawn east and west through the City of Vandalia,

Illinois, to a line east and west located 125 miles north and east of Chicago with the exception of the City of Milwaukee, Wis.,—the State of Iowa east of a line drawn north and south through Des Moines, Ia."

The contract further provides that appellee shall not contest or infringe a certain designated patent, nor keep on hand or dispose of any automobiles containing the inventions covered by said patent and not duly licensed thereunder; that appellant shall furnish to appellee such printed matter as appellant may publish, and that in its general advertising appellant will mention the address of appellee as agent for the territory named; that appellee shall do all local advertising, and conduct all local shows and exhibits at his own expense, the amount of such advertising to be at least equal to that of other agents in said territory; that appellee shall maintain, at a suitable location in Chicago, proper salesrooms and repair and storage rooms, and shall at all times carry in stock at least one of appellant's cars for demonstrating purposes and one or more new cars manufactured by appellant for sale at appellant's list prices, and also such reasonable supplies as may be necessary; that appellee shall order from appellant not less than twenty-five 4 cylinder h. p. cars to be delivered, one immediately; one on January 1, 1904; one, February 1; two, March 1; five during April; eight during May, eight during June; that on all cars purchased from appellant appellee should be allowed a discount of 20% from the list prices, as fixed from time to time, f. o. b. cars, Cleveland, Ohio; that appellee shall pay 10% of the net price of all cars when the same are ordered and the balance in cash, or in draft attached to bill of lading, when cars are ready for delivery; that appellee shall devote his best energies to the sale of the products of appellant and to secure orders for the same as far in advance of delivery dates as possible, and to canvass through said territory and introduce said products there; that appellee shall refer

promptly to appellant all inquiries received from territory other than his own, and shall not, except by permission from appellant in writing, sell or deliver any of such products in any territory other than his own; that neither appellee nor any one for him shall sell the products purchased from appellant at a price less than the list price at the time of such sale.

The controversy here involved relates to the acceptance by appellant, either directly or through its agent at Milwaukee, of an order for, and the shipment by, appellant of a car, together with certain extras, for sale to Frank K. Bull, residing at Racine, Wisconsin, at the list price of $6,445, and also to the disposition of a car by appellant to A. C. Banker in Chicago at $3,750, the regular dealer's price, less the dealer's discount of 20%.

The verdict and judgment awarded to appellee an amount equal to 20% of the list price to Bull and of the regular dealer's price to Banker.

As regards the transaction with Bull, the evidence tends to show that shortly after the making of the contract between appellant and appellee, Bull visited the plant of appellant at Cleveland, Ohio, for the purpose of inspecting the cars manufactured by appellant, and with a view to purchasing one; that appellant immediately notified appellee by letter of the visit of Bull, and that he had assured appellant he would give an order for a duplicate of the machine which had been demonstrated to him there, and that appellant had informed Bull that the price of the car was $6,000, and that appellee controlled the territory in which he, Bull, resided, and expressed the hope that appellee might be successful in securing his business; that shortly thereafter Bull called upon appellee in Chicago and also had some correspondence with appellee regarding the purchase of a car; that Bull took some exceptions to the treatment accorded him by appellee and thereafter called upon the Jonas Automobile Company, the agent of appellant in Milwaukee, where, on January

19, 1904, he executed a formal order, directed to appellant, for a car and extras for which he agreed to pay appellant $6,445; and thereafter appellant shipped said car and extras to Milwaukee, and the same were received and paid for by Bull.

Relative to the transaction with Banker, the evidence discloses that he was the sales agent of appellant prior to the appointment of appellee as such agent; that upon the termination of his agency Banker asserted a claim against appellant for damages arising out of his alleged wrongful dismissal and for a credit balance due him, which claim was finally settled by the delivery to him by appellant of a car upon the basis of a discount of 20% from the dealer's list price of $3,750; that at the time such settlement was made appellant knew that Banker would doubtless sell the car at a price in advance of that at which it was delivered to him.

The sale to Bull was made without the knowledge or consent of appellee. Whether or not appellee assented to the delivery of the car to Banker in settlement of his claim against appellant is disputed.

*First.* It is insisted on behalf of appellant that the agency contract in question does not preclude appellant, as principal, from selling cars within the territory named, and that upon sales so made by it appellee cannot properly assert a claim for commissions; that a contract appointing an "exclusive agent" to sell goods within a designated territory is to be distinguished from a contract giving to one the "exclusive sale" of goods within such territory.

The obligations assumed by and imposed upon appellee by the terms of the contract in question serves to differentiate it from a contract wherein one is appointed an exclusive agent to sell land or the like, as in Gilbert v. Coons, 37 Ill. App. 448. In Marshall v. Canadian C. & Mfg. Co., 160 Ill. App. 114, it is held that where there is an exclusive agency and the principal violates the contract by making sales directly and knowingly within the exclusive territory, he is clearly liable.

In the case at bar some of the reasons which entitled appellee to protection, within the designated territory, even against his principal, are stated by appellant in a letter to a firm doing business in Maryland, which had complained to appellant of the inadequacy of the commission allowed by appellee, thus:

"We note what you say about Mr. Illsley's allowing you $100.00 for selling a car. Of course we cannot undertake to make Mr. Illsley give you a larger commission for making sale to a man in his territory. He has a certain number of cars ordered and expects to sell these cars through his regular sources, and in many cases our agents refuse to give any amount for assisting the sale as you suggest. Of course you understand that Mr. Illsley, or any other agent conducting a place of business with all the contingent expenses, has to get a considerable difference between the cost to him and the selling price to the purchaser in order to meet these expenses and leave any profit for himself. Also as we understand that the machine will be used in Chicago the customer will undoubtedly call on Mr. Illsley for instructions and accommodation, which are also an added expense to Mr. Illsley, while the amount that Mr. Illsley pays you will be entirely a clear profit. We therefore feel that in view of this the amount allowed you is by no means insignificant.

"We surely trust that you will see it in this light and try to negotiate the sale of the car through Mr. Illsley as suggested."

In Garfield v. Peerless Motor Car Co., 189 Mass. 395, where the construction of a similar contract was involved, Orndorff, a resident of Worcester, purchased a car at the branch office of the defendant in Boston, and it was said:

"The contract was that the plaintiff was to be the *exclusive agent* of the defendant for Worcester and vicinity. The sale in question was a violation of that contract. We do not agree with the defendant in his argument that the sale to Orndoff, being by the defendant itself, and not by an agent, was not in derogation of the plaintiff's rights as an exclusive agent for the territory in question. In our opinion, a case where

one is made an exclusive agent for the sale of his principal's goods in a specified territory, unless there is something to control the phrase, is the same as the case where an agent is given the sole and exclusive sale of the goods of the principal, as was the agreement in Wiggin v. Consolidated Shoe Co., 161 Mass. 597. The right given here is exclusive of the principal, as well as of other agents. When it is said that the right is exclusive of the principal, it is not meant that the principal cannot sell. Of course, he can sell; but if he does, he violates the rights of his agent under the contract.''

That appellant so construed the agreement in question, and considered the place of residence of the purchaser and not the place where the sale was made, as determining the territory of appellee, is manifest from its repeated conduct and statements.

The court did not err in refusing to give to the jury the peremptory instructions tendered by appellant.

*Second.* While the right of appellee to recover nominal damages, by reason of a breach by appellant of the agreement, was clearly established, there is no substantive evidence in the record to support a recovery of 20 per cent. of the sale price of the cars as actual damages.

As in Garfield v. Peerless Motor Car Co., *supra,* the contract contains no provision for the payment by appellant to appellee of commissions upon cars and supplies sold, but contemplates that every such sale made within the designated territory should be made by appellee and that the profits of the latter should be the difference between the price at which he purchased and the price at which he sold. The contingency, which has arisen in this case, was, doubtless, not contemplated and is wholly unprovided for, and in the absence of proof of the existence of a uniform trade custom or usage, which entered into the agreement, to the effect that appellee was entitled to certain commissions upon all cars sold by appellant or its other agents within the designated territory, it is incumbent

upon appellee, in order to entitle him to recover more than merely nominal damages, to prove actual damages, which is alone recoverable in an action for a breach of contract. La Favorite Rubber Mfg. Co. v. H. Channon Co., 113 Ill. App. 491; Cincinnati S. L. G. I. Co. v. Western S.-L. Co., 152 U. S. 200.

In the absence of proof of such trade custom or usage, upon which to predicate an award of actual damages, one of the essential elements necessary to be shown by appellee in order to entitle him to actual damages, is that the sale or sales in question could have been made by him if appellant or its agents had not made the same.

Appellee made some attempt to establish the existence of such a uniform trade custom or usage, but signally failed to do so, and the record contains no substantive proof of the existence of such trade custom or usage. Neither is there any evidence in the record tending to show that appellee sustained actual damages by appellant's breach of the contract.

The second instruction tendered by appellant was improperly modified by the court. As modified and given to the jury, the instruction was inconsistent and contradictory. We do not hold that the instruction was proper to be given to the jury as tendered, but merely hold that it was improperly modified. As tendered, the instruction does not permit a recovery of even nominal damages, to which appellee was at least entitled. If there shall be substantive proof of the existence of a trade custom or usage, as heretofore mentioned, upon which to predicate an award of actual damages, a like instruction, proper to be given, should not ignore such issue.

Other instructions tendered by appellant and refused by the court are not in harmony with the views here expressed and were properly refused.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*