[No. 6,624.—Department No. 2.]

## GOLDEN GATE PACKING CO. v. FARMERS' UNION.

Construction of Contract—Agency—Definition.—The plaintiff agreed with the defendant that the latter should have the exclusive *agency* for the sale of the plaintiff's productions east of the State of California, for one year, upon an agreed commission. *Held*, there was nothing in the agreement to prevent the plaintiff from *selling* his goods in any part of the world.

Appeal from a judgment for the plaintiff, in the Twentieth District Court, County of Santa Clara.

*Houghton & Reynolds*, for Appellant.

*D. M. Delmas*, for Respondent.

Sharpstein, J.:

This action was brought by the plaintiff to recover of the defendant $1,449, received by him to and for the use of the plaintiff. The answer admits the receipt of the sum specified, but alleges that it was received under an agreement between the plaintiff and the defendant, by which it was agreed that the defendant should have the exclusive agency for the sale of the plaintiff's productions east of the State of California, for the term of one year, from the 20th day of May, 1877, upon a commission of five per cent. on such sales. It also alleges that the plaintiff violated this agreement by selling some of its productions to other persons, to be sent to the States east of the State of California. The defendant introduced in evidence an agreement dated May 26th, 1877, between the plaintiff and Feusier & Bergham, in which the plaintiff agreed to furnish and sell to Feusier & Bergham such quantities of canned table fruit as they might order previous to July 1st, 1877, and there was ev-

idence introduced by the defendant tending to prove that under this agreement the plaintiff did sell and deliver to them a certain quantity of canned table fruit, which they sent to eastern markets, and that the plaintiff knew at the time of entering into said agreement with said Feusier & Bergham that they were purchasing said goods with the intention of selling them in said markets. The jury returned a verdict in favor of the plaintiff for the amount claimed in its complaint, and a judgment was thereupon entered, from which this appeal is taken.

The only question which arises upon this record is, whether the sale and delivery of goods by the plaintiff to Feusier & Bergham, with the knowledge that they intended to dispose of them in cities east of the State of California, constituted a breach of the plaintiff's agreement with the defendant, that it should have the exclusive agency for the sale of the plaintiff's productions east of said State. If it did, the Court erred in giving some of the instructions that it gave, and in refusing to give some which it was requested to give. Otherwise, the Court committed no error. We are unable to discover anything in the agreement which forbade the selling of its goods by the plaintiff to whomever would purchase them in any part of the world. It could not, under that agreement, establish any other agency than that of defendant for the sale of its goods east of the State of California. And there is no evidence tending in any degree to prove that it did. It is not stipulated that the defendant should have the exclusive sale of the plaintiff's goods within the territory mentioned, and there is nothing in the agreement from which we can infer that such was the intention of the parties. We do not think that there is any error in the instructions, and the judgment must be affirmed.

Judgment affirmed.

MYRICK, J., and MORRISON, C. J., concurred.