ROY M. GARFIELD *vs.* PEERLESS MOTOR CAR COMPANY.

Worcester.     October 2, 3, 1905. — October 28, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Agency,* Commission on sale, Admissions by agent.  *Evidence,* Extrinsic affecting writings, Admissions.  *Practice, Civil,* Exceptions.  *Pleading, Civil,* Variance. *Contract,* What constitutes.

A contract with a manufacturer of automobiles by which a certain person is made exclusive agent of the manufacturer for a certain city and its vicinity and is to receive a certain commission on sales made within that territory, agreeing that if he receives inquiries from territory other than his own he shall refer them promptly to the manufacturer, gives the agent the right to sell to all residents of his territory exclusive of the manufacturer himself as well as of other agents.

A contract in writing of a manufacturer of automobiles with a certain person, making him its exclusive agent for a certain territory, stipulated that a commission or discount of fifteen per cent from the list prices should be allowed to the agent upon all sales made to him.  In an action by the agent against his principal for commissions on sales, the plaintiff was allowed to show a trade usage by which an exclusive agent had a commission on all sales in his territory by whomsoever made, and accordingly that the plaintiff was entitled to a commission upon sales made to residents of his territory by the defendant directly without the plaintiff's aid.  *Held,* that evidence of this usage did not contradict the contract, and was admitted properly to cover a contingency for which no provision was made in the contract.

In an action by an agent of a manufacturer of automobiles against his principal for a commission on the sale of one of the defendant's cars, if it appears that by a contract in writing the plaintiff was made the exclusive agent of the defendant within a certain territory, and agreed that he would refer promptly to the defendant all inquiries from territory other than his own, this does not prevent him from proving that he procured a sale outside of his contract on which the general agent of the defendant expressly agreed that the defendant should pay him a commission.

A request by a defendant for a general ruling that the plaintiff cannot recover does not call the attention of the presiding judge to the fact that a variance between the pleadings and the evidence is relied on, and the question of variance is not open on an exception to the ruling.

In an action by an agent of a manufacturer of automobiles against his principal for a commission on the sale of one of the defendant's cars, if it appears that by a contract in writing the plaintiff was made the exclusive agent of the defendant for a certain city in this Commonwealth and its vicinity, and the plaintiff, seeking to recover a commission on a sale alleged to have been procured by him outside of this territory, proves that the defendant's New England agent said to him, that any man that "left his card" or admitted that he "had any connection" with the plaintiff in regard to the car was the plaintiff's customer, and that the plaintiff "should get the commission," this may be construed to have been a

promise that if the plaintiff would introduce the defendant's car to a man who afterwards bought one at a branch office outside the plaintiff's territory and the customer admitted that the plaintiff had introduced the car to his attention the plaintiff should have a commission.

The sales manager of a manufacturer of automobiles has authority to bind his employer by an admission as to its liability to pay to one of its agents a commission on the sale of a car.

THE following statement of the case is taken from the opinion of the court:

This action was brought to recover commissions on the sale of two automobile cars. By force of a written contract between the plaintiff and the defendant, the plaintiff was the exclusive agent for the defendant in the city of Worcester and vicinity. The contract was dated March 12, 1903, and was terminated September 14, 1903.

One of the two cars in question was sold at the branch office in Boston to one Orndorff, then staying at Gloucester for the summer, and was delivered to him at Gloucester in August or September, 1903. The plaintiff contended that he was entitled to the commission on this sale because Orndorff was a resident in Worcester at the date of the sale, relying on a trade usage which gave an exclusive agent his commission on all sales in his territory, no matter by whom made. Evidence of this usage was introduced under the objection and exception of the defendant.

The other car was sold at the branch office in Boston to one Billings of Marlborough, from whom it came to one Hitchcock of Marlborough. The plaintiff admitted that he was not entitled to a commission on this sale under the contract, but relied on a subsequent special agreement made by word of mouth. The evidence of the subsequent special agreement was as follows:

Upon the plaintiff's telling one Morrison, the agent of the defendant for New England at the Boston branch office, that he had written to Hitchcock and that a friend of his had interviewed him and he probably would buy a car at the New England branch office in Boston, Morrison said "that any man that left his card or admitted they had any conversation with me [the plaintiff] in regard to the car was my [the plaintiff's] customer and I [he] should get the commission." The car subsequently

was sold to Hitchcock through Billings, and there was evidence that Morrison had admitted that Hitchcock told him that the plaintiff had written to him (Hitchcock) regarding the sale. It appeared that Billings was an agent of the defendant, and had been paid a commission on this sale.

The written contract between the plaintiff and the defendant recites (first) that the defendant is engaged in manufacturing and selling motor cars and that the plaintiff is desirous of becoming its exclusive agent for the sale of its motor cars in the territory included in Worcester and vicinity. It then provides that the defendant appoints the plaintiff "as its exclusive agent for the sale of said motor cars in the aforesaid territory," and agrees to furnish the plaintiff with circulars, catalogues and other printed matter. The plaintiff agrees to maintain proper salesrooms, repair and storage rooms in the city of Worcester, carry in stock for sale at list prices one or more new motor cars and supplies necessary for replacing parts of such cars or of repairing them. It was agreed that upon all sales of cars, parts or supplies made to the plaintiff a commission or discount of fifteen per cent from list prices should be allowed to the plaintiff. Payments for all such sales were to be made by the plaintiff as follows: ten per cent net price of all orders to be forwarded to the defendant with the order; the balance on shipment. Then follows an agreement on the part of the plaintiff "to devote his best energies to the sale of the product of the party of the first part [the defendant], and to secure orders for the same as far in advance of delivery dates as possible, and to canvass through his territory and introduce said product there; he agrees to refer promptly to the party of the first part [the defendant], all inquiries received from territory other than his own, and that he will not, except by permission in writing from the party of the first part [the defendant], sell or deliver any of such products in any territory other than his own," and to be prepared to receive promptly all cars and goods ordered by him, and that he may be required to accept the same within ninety days from the time the order is given.

The judge instructed the jury that they might find that the plaintiff was entitled to a commission on the sale to Orndorff, under the first count of the substitute declaration which declares

on the contract, and a commission on the sale to Hitchcock under the third count, which went on a special contract made on July 15, 1903.

The defendant asked the judge to give, among others, the following rulings:

"6. The contract declared on does not prevent the defendant from selling, during its continuance, cars outside the territory specified, although the sales are made to one who is a resident within the territory." The judge gave this ruling modified as follows: "Orndorff was within the territory as a resident within the territory at the time of the sale to him, so that I instruct you that no question arises with reference to that, even though the delivery of the machine was made to him at Gloucester, if he still retains his place of residence in Worcester."

"8. The only commissions or discounts which the plaintiff can recover under the contract declared on are commisions or discounts on sales to the plaintiff himself." The judge gave this ruling modified as follows: "You must be satisfied that there was something under the usage of trade that adds to the terms of this contract, because it is admitted that the actual sale was not made by Dr. Garfield to Orndorff. . . . Now you have heard evidence from certain witnesses called by the plaintiff, and Mr. Morrison does not as I understand deny that, and that is this, that if Orndorff was sent to him, and Morrison is the agent of the company, and the branch office, to wit, Morrison as its head, sold that machine to a person having his legal residence within the city of Worcester, that under that contract according to the usage, the plaintiff would be entitled to his commission.

"9. The contract does not provide for the payment of commissions on sales to persons other than the plaintiff when the sales are made by persons other than the plaintiff himself." The judge gave this ruling modified as follows: "So you must be satisfied with reference to that fact that the sale was made prior to the 15th; that the usage of trade applied to this contract was sufficient to include it, and the contract itself in terms applies only to sales made by the company to the agent himself; that is the theory of the contract. But it was entirely competent if the usage was otherwise as applied to that; that that

meant that the company could consent to deliver a machine at the request practically of the plaintiff and take its pay from the purchaser rather than from the particular man himself, if that was the usage of trade as I understand Mr. Morrison to practically have testified."

"12. On all the evidence, the plaintiff cannot recover under Count I. of his declaration." This was refused.

"13. If the sale, by the defendant, of a car to Orndorff was made outside of Worcester and vicinity, the plaintiff cannot, under the contract, recover the commission therefor." This was refused.

"17. On all the evidence the plaintiff cannot recover under Count III. of his declaration." This was refused.

"24. On all the evidence the plaintiff did not obtain a purchaser for a sale of the car to Hitchcock and cannot recover under Count III." This was refused.

"25. On all the evidence the contract set out in Count III. is without consideration and is not enforcible." This was refused.

"26. The efforts of the plaintiff to sell a car to Hitchcock were made under and in pursuance of a written contract existing between the parties and are not a consideration for a promise thereafter made by the defendant to pay the plaintiff a commission should it later sell a car to Hitchcock.

"27. The efforts and acts of the plaintiff to sell a car to Hitchcock are not a consideration for a promise thereafter made by the defendant to pay the plaintiff a commission should it later sell a car to Hitchcock."

The judge modified the twenty-sixth and twenty-seventh rulings requested, as follows: "Under the contract, upon the evidence, Marlboro is not within the designated phrase 'Worcester and its vicinity.' Now, that does not conclude the plaintiff, however, from recovering for the Hitchcock machine, provided there was a special contract made. Now, what is the evidence with reference to that. The plaintiff says that he knew of Hitchcock; that he had shown Hitchcock a machine; that Hitchcock wanted a better machine than the Knox, and all that sort of thing, and that he went to Morrison and told him. That is now upon the assumption that it was outside the limits

of the territory, so that the contract has nothing to do with it whatever.

" It was entirely competent for Morrison, as manager of the company in New England, to make a contract with Garfield, if he saw fit, that would bind the company, with reference to procuring a purchaser. What does Garfield say? Garfield says in view of that ' I went in April and saw Morrison and told him about Hitchcock, and asked him if the sale was made . . . if I would send him, or if I would send Hitchcock to him, and that Hitchcock should say that I sent him, and you, Morrison shall make a sale, but I procure the customer, will you pay me the commission?' And he said yes; Morrison said: ' Yes, I will.'

" Now, if there was something yet to be done by this plaintiff Garfield in order to procure that commission, and to procure that sale, and he did something in the future, and that promise was based upon that, then if that is the fact, that he did after this arrangement with Morrison actually send Henry to Hitchcock, and actually procured Hitchcock to go down to Morrison, and a sale resulted, then if you are satisfied that is the fact, he would be entitled to recover the commission.

" Morrison says he did not make any such contract at all; that nothing was said about it in that way; that he had then an agent, Mr. Billings, at Marlboro, and that it was his business, so that he made no such contract as that. Garfield says he did. Garfield says also that after Henry had been sent to him that he saw Morrison, and Morrison said ' Yes, Hitchcock has been here and mentioned your name as sending him, and I have sold him a machine.'

" If that was done, and the burden is upon the plaintiff to satisfy you, then you would be justified in finding a verdict for the $420 commission with reference to that Hitchcock machine. But otherwise, not."

The defendant excepted to the refusal to rule as requested where the ruling asked for was refused or was not given in terms, and also excepted to each modification given by the judge.

At the trial the judge admitted in evidence a letter offered by the plaintiff which was signed in the name of the de-

fendant by W. H. Kirkpatrick, printed in the note,* and the defendant took an exception.  He also admitted in evidence a conversation which the plaintiff had at Cleveland (Cleveland is assumed to have been the home office of the defendant corporation) with W. H. Kirkpatrick, who was found by the plaintiff in an office with "sales manager" on the door.  Kirkpatrick introduced the plaintiff to the manager, and they all three had a conference.  Afterwards Kirkpatrick, the sales manager, said that no commission was due on the Hitchcock car, but that he, the plaintiff, would get a cheque for the Orndorff car when he got home because the car was sold in the city of Worcester.

If commissions were due, $420 was due on each sale.  The jury returned a general verdict for $840 and interest.

*F. F. Dresser*, for the defendant.

*C. C. Milton*, for the plaintiff.

LORING, J.  [After the foregoing statement of the case.] 1.  The defendant's first contention is that the sale to Orndorff was outside the plaintiff's territory because the contract of sale was made in Boston and the car sold was delivered in Gloucester.  His position is that the place where the sale is made, not the residence of the purchaser, is the test.  But we do not think that it is so.  It is manifest that the contract contemplates that persons buying cars or supplies shall buy them in the territory in which they belong.  It is expressly provided that if the agent receives inquiries from territory other than his own, he shall refer them promptly to the defendant.  This, coupled with his appointment as exclusive agent for Worcester and vicinity, implies that all inquiries from Worcester and vicinity should be referred to him.

At the time of the sale of the car here in question to Orndorff, Orndorff was a resident of Worcester, spending the summer at

---

* "Aug. 17, 1903.  Dr. R. M. Garfield, Worcester, Mass.  Dear Sir:— Your telegram of Aug. 15, also letter of same date received.  Also have received word from Mr. Morrison of Boston to the effect that he has decided to notify you and, under the circumstances, we will have to back him up. We also note that he agrees to keep your machine in the best of shape and we take pleasure in informing you that we will also back him up on this and will insist upon it.  Trusting that the above will be satisfactory to you, we remain, yours very truly, The Peerless Motor Car Co."

Gloucester, and continued to reside at Worcester for a year and a half more at least, and apparently still continues to have his legal domicil there. The defendant's agent testified at the trial in March, 1905, that "since January of this year [he] has been in California where he expects to remain for a year." We are therefore of opinion that the sixth request could have been refused rightly. But the presiding judge gave it with the modification that so far as this case goes it was not applicable because Orndorff resided in Worcester. We interpret this to mean that the presiding judge thought that he could not say that there might not be cases in which sales could be made out of the territory to residents within it without violating the contract; but that the Orndorff case was not such a case.

The only case cited by the defendant is a case where an exclusive agent for the sale of typewriters in the State of Michigan was held not entitled to a commission on a sale made to a corporation having a dock freight and ticket office in Chicago and another office in Benton Harbor, where the sale was made in Chicago and the machine was sent by it to its office in Benton Harbor. *Wyckoff* v. *Bishop*, 115 Mich. 414. That does not help the defendant here.

2. The defendant's next contentions are (1) (as stated in the eighth and ninth rulings requested) that the only commission to which the plaintiff is entitled under the contract is by way of a discount on the price paid by the plaintiff to the defendant on a sale made to him of a car which he re-sells to a customer; and (2) that the trade usage was erroneously admitted in evidence because it contradicted the contract. The only objection made is that evidence of usage on the point is not admissible. No objection was made to the evidence of usage introduced if evidence on the point is admissible. The defendant relies on the recent decision in *Boruszweski* v. *Middlesex Assur. Co.* 186 Mass. 589.

Had the contract been what the defendant contends for, it well may be thought that the trade usage would not have been competent. But that is not the contract. The contract was that the plaintiff was to be the exclusive agent of the defendant for Worcester and vicinity. The sale in question was a violation of that contract. We do not agree with the defendant in

its argument that the sale to Orndorff, being by the defendant itself and not by an agent, was not in derogation of the plaintiff's rights as an exclusive agent for the territory in question. In our opinion, a case where one is made an exclusive agent for the sale of his principal's goods in a specified territory (unless there is something to control the phrase) is the same as the case where an agent is given the sole and exclusive sale of the goods of the principal, as was the agreement in *Wiggin* v. *Consolidated Adjustable Shoe Co.* 161 Mass. 597.   The right given here is exclusive of the principal as well as of other agents.   When it is said that the right is exclusive of the principal it is not meant that the principal cannot sell.   Of course he can sell, but if he does he violates the rights of his agent under the contract.   The defendant cites to the contrary *Golden Gate Packing Co.* v. *Farmers' Union*, 55 Cal. 606.   But after a full and careful consideration of that decision we are of opinion that so far as it rests on this ground it should not be followed.

In the case at bar the contracts contemplated that every sale to a Worcester man should be made by the plaintiff and should take the form of a sale to the plaintiff.   In providing for a commission by way of deduction in the price paid by the agent, the contingency which has arisen in the case at bar was not a case which in the contemplation of the contracting parties would arise, and no provision is made for it.   To provide by usage for that contingency is not to contradict what is provided for by the contract, but to cover a point left uncovered by it.   We are of opinion that the usage was competent, and that the modification given by the presiding judge to the eighth and ninth rulings requested by the defendant was correct.

3. The defendant's next complaint is to the instructions given in substitution for the ruling specified in its twenty-sixth request.

The twenty-sixth ruling requested is plainly wrong.   Under our construction of the contract an inquiry by Hitchcock, if one had been made, ought to have been referred by the plaintiff to the defendant.   The efforts of the plaintiff to sell a car to Hitchcock, a resident of Marlborough, were made in violation of the contract and not under and in pursuance of it, as stated in this ruling.

4. The twenty-seventh ruling requested was refused rightly. The plaintiff testified that his first talk with Morrison, the defendant's New England agent, was in the last of March or the first of April. His story is that he then said that he already had written to Hitchcock and had sent one Henry to see him. He also testified that his second conversation with Morrison was after Hitchcock received his car the last of May or the first of June. But Henry testified that he saw Hitchcock at the plaintiff's request, and that this was in June. It was open to the jury to find that Henry was sent by the plaintiff after the defendant's New England agent said that " any man that left his card or admitted they had any conversation with me in regard to the car was my customer and I should get the commission." For this reason the twenty-seventh ruling requested was refused rightly.

5. The objection of a variance between the third count and the evidence was not specifically raised at the trial. A general request for a ruling that the plaintiff cannot recover does not sufficiently call the attention of the presiding judge to the fact that a variance between the pleadings and the evidence is relied on. We do not mean to express an opinion on the question whether there was or was not a variance between the third count and the evidence.

6. The defendant's next contention is that the New England agent's statement that " any man that left his card or admitted they had any conversation with me in regard to the car was my customer and I should get the commission," does not disclose any promise or agreement, but is a bare statement defining who are customers. But we are of opinion that this statement can be construed to have been intended for, and to have been, a promise that if the plaintiff would introduce the Peerless car to a man who afterwards bought one at the branch office and the customer admitted that the plaintiff had introduced the car to his attention, the plaintiff should have a commission.

7. The letter admitted seems to be immaterial. If it was material it was competent on proof that it was signed in the defendant's name by the sales manager.

8. The fact that Kirkpatrick was held out by the defendant to be its sales manager was sufficient to make his admission as

to the defendant's liability to pay a commission evidence against the defendant without further evidence as to his duties as sales manager.

*Exceptions overruled.*