[L. A. No. 2878. Department Two.—June 13, 1912.]

HAYNES AUTOMOBILE COMPANY (a Corporation), Respondent, v. WOODILL AUTO COMPANY (a Corporation), Appellant.

AGENCY—EXCLUSIVE RIGHT OF SALE WITHIN SPECIFIED TERRITORY—SALE BY PRINCIPAL OUTSIDE OF TERRITORY TO RESIDENT THEREOF.—In the absence of any trade usage to the contrary, an agent to whom a manufacturing concern has given the exclusive sale of its products within a given territory, is not entitled to a commission on a sale made by the manufacturer outside of such territory to a resident thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Schmidt & Riggins, for Appellant.

William Fleet Palmer, for Respondent.

MELVIN, J.—Plaintiff sued for $3,092.59 alleged to be due from defendant for automobiles and attachments sold and delivered by plaintiff to defendant. The latter asserted that the plaintiff was indebted to it. Both litigants furnished bills of particulars of their respective claims and by written

stipulation it was agreed that defendant's bill of particulars should be considered as if pleaded by defendant as a counterclaim. The court found that the balance due plaintiff upon all of the accounts between the parties to the action was $871.16. Defendant appeals from the judgment and from an order denying its motion for vacation of judgment under section 663 of the Code of Civil Procedure.

The sole controversy upon this appeal relates to defendant's claim of six hundred dollars as commission on the sale of a car to Ralph C. Otis. According to the findings Otis, who was a resident of Pasadena, purchased from plaintiff for three thousand dollars, one of the automobiles manufactured by the said Haynes Automobile Company. At the time of the purchase, Otis was in Chicago, Illinois, and he ordered the car to be shipped to him at that city from plaintiff's factory in Kokomo, Indiana. Afterward he changed the order and directed that the automobile should be sent to him at Los Angeles. It was forwarded as directed, with a provision in the waybill that it might be reshipped to Chicago at one-half rate. Payment for the vehicle was made at Kokomo. Defendant does not assert that it had anything to do with negotiating the sale, but bases a claim for compensation solely upon the contract between it and plaintiff by which the Woodill Auto Company was given the exclusive sale in Los Angeles and vicinity of the cars manufactured by plaintiff. The pertinent portion of the agreement, dated April 15, 1908, was as follows:

"This agreement entered into on this date with the Haynes Automobile Company of Kokomo, Indiana, and the Woodill Automobile Co. of Los Angeles, Cal., gives to the Woodill Automobile Co. the exclusive sale of Haynes cars in Los Angeles and Southern half of the state of California."

Appellant contends that when a manufacturing corporation gives exclusive sale of its products within a given territory to another, the said manufacturer cannot deprive the agent of regular commissions by selling to one who resides within such territory, citing *Garfield* v. *Peerless Motor Car Co.,* 189 Mass. 395, [75 N. E. 695]; *Thompson-Houston Electric Co.* v. *Berg,* 10 Tex. Civ. App. 200, [30 S. W. 454]. The cited cases do not sustain appellant's position. The former case was decided upon a contract which, interpreted in the light of

trade usage, gave the agent a right to a commission on all automobiles sold to residents of his district. The appeal in this case is on the judgment-roll alone and the record does not show any finding with reference to trade usage. We must therefore look alone to the contract which gives to defendant the "exclusive sale" in its territory of cars manufactured by plaintiff. As the sale was made outside of the state of California, and as no trade usage appears to give defendant any right other than that expressed in the exact words of the agreement, we are compelled to conclude that defendant cannot recover a commission on the transaction. The Texas case cited by appellant is not in point. The contract there under consideration was quite different from the one before us in this case. The contract itself provided that if sales were made in Texas by a special agent representing the selling company, the agent in that state should receive his commission. His claim was that he was entitled to commission "on the sales of all appellant's products to be used in the state of Texas," and commenting on this part of the contract the court said: "We think that it bears the construction contended for by the appellee, and that it reasonably appears from the dealings between the parties that appellant placed upon it the same construction, and there is no error in so much of the court's charge as gave it this construction." It will thus be seen that the meaning of the contract under discussion by the court in the Texas case was made apparent by the dealings between the parties—an element entirely absent from the case at bar. It has been held in this state that one having an exclusive agency for the sale outside of California of products manufactured here cannot recover commissions on sales made in this state to persons known by the seller as intending to sell the merchandise out of the state. That case is perfectly applicable to the matter before us here. (*Golden Gate Packing Co.* v. *Farmers' Union*, 55 Cal. 606. See, also, *Wyckoff* v. *Bishop*, 115 Mich. 414, [73 N. W. 392].)

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.