[Civ. No. 1366.  First Appellate District.—November 9, 1914.]

W. J. PARRY, Appellant, v. AMERICAN MOTORS CALIFORNIA COMPANY (a Corporation), Respondent.

CONTRACTS—AGENCY—SALE OF AUTOMOBILES—EXCLUSIVE RIGHT OF SALE IN CERTAIN COUNTY—WHEN AGENT NOT ENTITLED TO COMMISSIONS.—Where a contract appointing an agent as exclusive selling representative of automobiles in a particular county provides for an allowance of a certain discount to the agent from the list price of the machines sold by him in his territory, and it is further provided that in the event of the principal making a sale in the territory, the agent is to receive a certain reduced commission on the sale, provided the sale is made at "regular retail prices established by the factory," but if made at a less price the commission payable to the agent shall be agreed upon specially each time in advance, the agent is not entitled to a commission on a sale made three months after the termination of his contract, where there is no intimation that the contract of purchase was entered into after the expiration of the agency with the view of affecting the question of commissions; nor is he entitled to a commission on a sale made by the principal outside his territory to a resident of the territory at a price less than the regular retail price established by the factory, where the commission was not agreed upon in advance as provided by the contract; especially where the evidence is ample to sustain the view that the agent was not the moving cause of the sale; nor does a sale made by the principal out of the county to a resident in the county come within the terms of the contract where it is not shown that the principal, in order to effect the sale, entered the territory of the agent.

Id.—Sale Made Out of Agent's Territory to Resident Thereof— Agent not Entitled to Commission.—In the absence of any trade usage to the contrary, an agent to whom a manufacturing concern has given the exclusive sale of its products within a given territory is not entitled to commission on a sale made by the manufacturer outside of such territory to a resident thereof.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. William M. Finch, Judge presiding.

The facts are stated in the opinion of the court.

Langan & Mendenhall, for Appellant.

Frank W. Street, and H. M. Street, for Respondent.

RICHARDS, J.—This is an action to recover two thousand four hundred dollars, and interest thereon, for commissions alleged to be due the plaintiff upon sales of automobiles.

On May 26, 1911, the San Francisco branch of the American Motors Company, by agreement in writing, appointed the plaintiff and one F. E. Romie its exclusive representatives for Alameda County, for the sale of the "American" automobile, under the terms of which appointment it is claimed that the San Francisco branch of the American Motors Company and the defendant became indebted to said Romie and plaintiff in the sum of two thousand four hundred dollars. Subsequently, and prior to the commencement of this action, defendant took over the business of the San Francisco branch of the American Motors Company and assumed all its liabilities. Prior to the commencement of this suit F. E. Romie assigned to plaintiff his interest in the alleged demands of Parry and himself against the San Francisco branch of the American Motors Company and defendant.

The findings of the trial court were against the plaintiff, and judgment accordingly went in favor of the defendant. The appeal is from the judgment and from an order denying plaintiff's motion for a new trial.

The contract upon which the action is based and which was entered into by the assignor of the defendant as party of the first part and the plaintiff and his assignor as parties of the second part, provides, among other things, as follows:

"First.   We hereby appoint second parties as our exclusive selling representative for Alameda County, state of California, for the purposes of handling American cars therein, and we agree:

"Second.   To allow said second parties a discount of 15% from the regular current catalogue list price for the various models of cars manufactured by the American Motors Company at Indianapolis, Indiana, said price to be F. O. B. the factory. . . .

"Fourth.   In view of the fact that the above territory lies so close to San Francisco, it might be deemed expedient at times for some of the selling force of the first party to enter into said territory and make a sale therein, in which case second parties are to receive 7½% commission on said sale, provided same is made at regular retail price established by the factory.   In case a sale is made at a less price the commission payable to second parties shall be agreed upon specially each time in advance of any such sale. . . .

"Seventh.   To allow said second parties the privileges of selling in open territory whenever possible."

The regular retail price of the three types of cars involved here was agreed at the trial to be as follows: the 50-H. P. car, $4,250; the 1912 model, 30-H. P. car, $2,400, and the 1913 model, 30-H. P. car, $2,475.

It is also admitted that the defendant and his predecessor sold to residents of Alameda County during the term of plaintiff's contract, as follows:

To Herman Hess, a 50-H. P. car, for $3,583.95, the retail price being $4,250; to W. S. Heywood, a 50-H. P. car, for $2,785.32, the retail price being $4,250; to Stanley Gaune, a 50-H. P. car, for $3,048.13, the retail price being $4,250; to E. L. Brock, a 30-H. P. car, for $2,166.60, the retail price being $2,400.

The plaintiff and his assignor also claimed to have sold Mrs. C. E. Gilman a 30-H. P. car, of the model 1913, for the regular retail price.   Concerning this transaction, it seems that during the absence of Mr. Gilman from home the plaintiff called on Mrs. Gilman and had her sign a contract for the purchase of a car.   When Mr. Gilman returned and learned what had occurred he told the defendant company that the contract had been entered into without his consent; that therefore he would have absolutely nothing to do with it, and that he would not

take an American car under any conditions.   No car was sold to Mrs. Gilman.   About three months after the termination of the plaintiff's contract, however, the defendant persuaded Mr. C. E. Gilman to buy a car.   There is no intimation in the record that the contract of purchase was entered into after the expiration of the agency with the view of affecting the question of commissions.

Two cars were sold by the defendant's predecessor to Herbert Von Loan, one for $2016.45 and the other for $2036.55, the retail price of each being two thousand four hundred dollars.   The plaintiff and his assignor had sold E. Von Loan a car prior to this sale and it was through that transaction that he became acquainted with the San Francisco concern.   Thereafter, desiring to help his son, Herbert Von Loan, to establish himself in business, Von Loan and his son called at the San Francisco establishment, with the view of purchasing two cars and of getting the agency of the American car for Modoc County, where they lived.   After some negotiations the cars were sold to Herbert Von Loan under his regular agency contract and paid for by his father.   In any event, the Von Loans were not residents of Alameda County, and the evidence does not show that the sales were effected through the efforts of the plaintiff and his assignor.

It was stipulated at the trial of the case by counsel for the plaintiff that no agreement was made between the parties here concerned as to the commission which plaintiff and Romie should receive on account of sales of cars sold in San Francisco by defendant and his predecessor to residents of Alameda County at a price less than the regular retail price established by the factory.

Plaintiff claims that the evidence does not support the findings, and the main points argued in the briefs are: 1. Are sales made to residents of Alameda County but negotiated outside of the county within the terms of the agency? and, 2. If they are, does the contract of agency fix a commission therefor?

As to the Gilman transaction, it does not appear from the record where the sale was made, but even if it were made in Alameda County, we do not conceive how it can be held that plaintiff is entitled to recover commissions for this sale, since it clearly appears that the transaction did not occur during the life of the agency.

As to the cars sold to Von Loan, from the testimony already alluded to, it must be held that there is ample evidence to sustain the view that the agents were not the moving cause of the sale.

As to the remainder of the sales, it appears that they were made by the defendant or its predecessor at San Francisco to residents of Alameda County and for less than the regular retail price. As to these plaintiff claims that under the terms of the contract he is entitled to seven and one-half per cent commission.

The contract between the parties reserved the right to the company to enter Alameda County for the purpose of selling its cars therein, and provided that whenever its selling force should enter that territory and make sales of cars therein at the regular retail price as established by the factory, the agents should be entitled to a commission of seven and one-half per cent. The contract, however, further provides that in case a sale is made at a figure less than the regular retail price the commission payable shall be agreed upon in advance of any such sale.

The evidence as to the sale of these cars, however, shows that, although sold to residents of Alameda County, the sales were made in San Francisco. It is not shown by the plaintiff that in order to effect these sales the defendant's representatives or employees entered the territory of the plaintiff. We think, therefore, that such sales do not come within the terms of the contract, so as to entitle the plaintiff to a commission or discount thereon. This was the rule followed by the supreme court in *Haynes Automobile Co.* v. *Woodill Automobile Co.*, 163 Cal. 102, [40 L. R. A. (N. S.) 971, 124 Pac. 717], where it is said: "In the absence of any trade usage to the contrary, an agent to whom a manufacturing concern has given the exclusive sale of its products within a given territory is not entitled to commission on a sale made by the manufacturer outside of such territory to the resident thereof."

Similarly, in the case at bar, there is no evidence of a trade usage or that a person who has appointed an exclusive agent for a given territory is thereby prevented from dealing outside of the limits of that territory with a resident thereof.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J. concurred.