## Little v. Bessemer Motor Truck Co., Appellant.

*Principal and agent — Commissions — Sales in restricted territory—Place of sale—Construction of agreement by parties.*

1. Where an agency contract provides for the payment of commissions to the agent on sales in a specified district, the place of sale is the place where the actual orders are given.

2. Where, under an agency contract, commissions are to be paid to the agent on the basis of sales secured in a county named, and there is no restriction on the principal as to disposing of his goods in such county, the principal may sell goods in the county without accounting to the agent for commissions.

3. It seems that a stipulation that inquiries of prospective purchasers sent to the home office from this .district would be forwarded to the agent, will not in itself operate such restriction.

4. Where the agent is to be paid commissions on sales secured in a specified county, he is not entitled to commissions because the purchasers have offices in such county, where it appears that the sales were effected by another, outside of the county, for delivery outside of the county.

Argued February 5, 1924. Appeal, No. 10, Oct. T., 1924, by defendant, from judgment of C. P. Butler Co., Dec. T., 1923, No. 11, on verdict for plaintiff, in case of R. C. Little, doing business as the Bessemer Motor Truck Co. of Pittsburgh, v. The Bessemer Motor Truck Co., a corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Judgment modified.

Assumpsit for commissions on sales. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,052.

*Errors assigned* were various rulings and instructions, quoting record.

*James E. Marshall,* of *Marshall & Watson,* for appellant.—Under the circumstances, the sales were made at Grove City, Mercer County, and not in Allegheny County, and for this reason there was no inquiry from Allegheny County that should have been referred to plaintiff, with correspondence: Somerset Door & Column Co. v. O. M. Webber Co., 43 Pa. Superior Ct. 290; Perlman & Co. v. Sartorius & Co., 162 Pa. 320; Com. v. Fleming, 130 Pa. 138; Garbracht v. Com., 96 Pa. 449.

Where the party creating the exclusive territory goes inside of the physical boundaries of the same and makes the sale, all authorities hold that this is a breach of the contract.

The instant case comes under the classification, where a resident of the exclusive territory makes the purchase outside of the exclusive territory, and the car is taken and used outside of the said territory.

*William S. Maxey,* with him *James M. Galbreath,* for appellee.—The contract was violated by defendant: Garfield v. Motor Car Co., 189 Mass. 395.

Defendant made sales in Allegheny County and thus invaded the exclusive territory of plaintiff: Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576; Del. R. W., etc., v. Ry., 204 Pa. 22.

The parties had a right to treat the contract as an exclusive agency one and, having done so, the courts will give to such contracts the exact effect which the parties themselves gave to them: McMillin v. Titus, 222 Pa. 500.

OPINION BY MR. JUSTICE SADLER, April 14, 1924:

Little, with a partner, was engaged in the automobile business. The firm entered into a verbal contract with a corporation building motor cars at Grove City, Mercer County, by which the privilege of disposing of certain of its products on commission was given. In 1916, a written agreement,—repeating the oral understanding,—was executed with the plaintiff alone, setting forth, in part, that the manufacturer "grants [to Little] the exclusive right to sell Bessemer Motor Trucks in the following described territory: Allegheny County and no other, for one year from the date of this contract." It was further stipulated, inquiries of prospective purchasers sent to the home office from this district would be forwarded to the agent.

The Peoples Gas Company is a Pennsylvania corporation, and the Hope Natural Gas Company is chartered

in West Virginia, and each has an office in Pittsburgh. Pew, vice president of both, visited the plant of defendant, and ordered a number of trucks for their use, to be delivered from time to time, as might be directed, and nineteen were forwarded to points outside Allegheny County. The first sold was furnished by the plaintiff on order from the defendant, which paid the commission accruing. On the others, any allowance was refused, and it is to recover the amount claimed to be due on these transactions that this suit is brought. Little contended that, the orders having passed ultimately for approval through the Pittsburgh offices of the corporations "in Allegheny County," he was entitled to the regular compensation provided when sales were made, though the purchase took place in Mercer County, without his intervention, and the cars delivered and used outside. The jury found for the plaintiff, and judgment was subsequently entered, from which this appeal is taken.

It is first to be noted that the agency contract provided for the payment of commissions when the agreement of purchase was consummated "in" the specified district. Here, there is no dispute that the actual orders were given in Mercer County, and, under the authorities, this must be deemed the place of sale: Perlman & Co. v. Sartorious & Co., 162 Pa. 320; Com. v. Fleming, 130 Pa. 138; Ward Lumber Co. v. American L. & M. Co., 247 Pa. 267. The notice of ratification of the verbal understanding with Pew, made later through the Pittsburgh offices, and the sending of the vouchers therefrom in payment, do not alter the situation.

Plaintiff insists, however, that the purchasers were residents of Allegheny, by virtue of the maintenance of places of business there, and, as a sale was made to them, the right to a share of the price paid followed, under the terms of the agency contract. To this proposition we cannot assent. The agreement fixed the compensation on the basis of contracts secured "in" the county named. There is no stipulation, as in some of the decisions called

to our attention, that the principal itself should have no right to dispose of its cars in the territory defined. An examination of the opinion delivered in Garfield v. Peerless Motor Car Co., 189 Mass. 395, 75 N. E. 695, relied on by appellee, shows it to be readily distinguished from the one now before us, for, in that case, there was proven a custom of the trade to make an allowance when a direct sale to a resident of the district covered by the exclusive agency occurred. And in the other authorities cited, where recovery was permitted (Schiffman v. Peerless Motor Car Co., 13 Cal. Ap. 600, 100 Pac. 400; Sparks v. Motor Car Co., 85 Kansas 29, 116 Pac. 363; Wier v. American Locomotive Works, 215 Mass. 303, 102 N. E. 481), we find provisions in the contract forbidding the doing of any business by the manufacturer in the section set apart. The rule applicable here is best stated in Haynes Auto Co. v. Woodhill Auto Co. (Cal.) 40 L. R. A. (N. S.) 971, 124 Pac. 717; White Co. v. White Motor Co., 144 N. Y. Sup. 960; Wyckoff, Seamans & Benedict v. Bishop, 115 Mich. 414, 73 N. W. 392.

Even though the purchaser be a resident of the allotted zone, there can be no recovery of compensation where the manufacturer makes the sale, unless such stipulation appears in the contract entered into. "As a rule the employment of an agent to negotiate a transaction does not preclude the principal himself from negotiating the transaction. Accordingly, except where the parties expressly agree that the agent shall be entitled to compensation upon sales or contracts made by the principal, the agent is not entitled to compensation where the principal himself negotiates the transaction without the agent's aid, and without deriving any advantage from the agent's efforts": 2 C. J. 776. "By their contract of employment agents for the continuous sale of goods are frequently given a sole or exclusive agency, especially in a certain territory......As a rule these contracts are not so worded as to entitle the agent to compensation when the principal himself, acting independently of the agent,

sells the particular piece of property in question, or sells his goods in the agent's territory, although the contract may be so framed as to entitle the agent to commissions on sales made by the principal himself in the agent's territory": 2 C. J. 777.

But a further objection to the claim of plaintiff appears in this case. The cars were sold in Mercer County, though the purchasers had offices in Pittsburgh. The trucks bought were not delivered for service in Allegheny, and the sales were not secured by the agent. The location of a place of business of the purchasers in the territory set aside is ordinarily not sufficient to impose liability on the principal, even though the article furnished is used there: Wyckoff, Seamans & Benedict v. Bishop, supra. Here, it can be said that not only the defendant did not sell "in" the county for which the exclusive agency had been given, but it appears the motors were not to be placed in operation within the district named. Under such circumstances, the agent was clearly not entitled to any commissions on the purchase price received.

In view of the conclusion reached, it is needless to enter into a discussion as to the effect of the acceptance of the check of April 19, 1917, marked "settlement in full of the account to date," received at a time after the sales had been made, for which compensation is claimed, and subsequent to a refusal of the defendant to make payment on demand. Nor is it necessary that the question of the true measure of damages be considered, since there can be no recovery in the present action. The sum of $157.93, a balance admittedly due on an independent transaction, which amount was tendered to plaintiff and refused, but not paid into court, was properly found for plaintiff. Without referring specifically to the assignments of error, the tenth, directed to the refusal to affirm defendant's nineteenth point, is sustained.

The judgment of the court below is modified by reducing the amount thereof to $157.93, with interest from October 1, 1917, and as thus modified is affirmed.