[Sac. No. 4078. Department One.—February 2, 1929.]

LOWELL M. WASHBURN, Plaintiff, Cross-Defendant and Respondent, v. CHARLES P. SPEER, Defendant, Cross-Complainant and Respondent; KITTLE MANUFACTURING COMPANY (a Corporation), Defendant, Cross-Defendant and Appellant.

Rohe & Freston and Ralph E. Lewis for Appellant.

John T. Fuller for Cross-defendant and Respondent.

J. E. Ricketts for Cross-complainant and Respondent.

CURTIS, J.—Action brought to recover for a commission alleged to be due and owing plaintiff on the sale of

ten thousand orchard heaters. The plaintiff had judgment and the defendant, the Kittle Manufacturing Company, has appealed. The defendant, Charles P. Speer, against whom the judgment also ran, has not appealed.

The appellant's first contention is that the findings are not supported by the evidence. The court found that the sale of said heaters "was made through the joint efforts of the defendant Kittle Manufacturing Company and the plaintiff, Lowell M. Washburn. That the plaintiff was the first to ascertain that the owners of the Camilla Grove were prospects for the purchase of the Kittle Heaters and thereupon advised the defendant corporation thereof, and in company with the said representative of said defendant corporation, and at his request, made several trips to said property and demonstrated said heaters thereon. That the defendant Kittle Manufacturing Company, prior to said sale being made, represented to the plaintiff and led him to believe that his contract provided for the payment of commissions on all sales of heaters made, to be installed in Tulare county, and with full knowledge that the plaintiff so interpreted his contract, said defendant corporation permitted, encouraged and requested the plaintiff to advertise and demonstrate said heaters on the said Camilla Grove."

It appears from the evidence that the appellant, the Kittle Manufacturing Company, entered into a contract with defendant Speer whereby the latter was appointed the agent of appellant to act as sales representative for the Kittle Smokeless Orchard Heater in certain territory of this state, including the county of Tulare. Speer was to receive as compensation for sales made by him a commission of from twenty to forty cents per heater. While this contract was in force a representative of Speer named Morehouse called upon the plaintiff for the purpose of interesting plaintiff in the sale of the Kittle heaters in the county of Tulare. Later Morehouse introduced a Mr. Meehan, a representative of the appellant, to the plaintiff. In conversation with Mr. Meehan the plaintiff informed him that he would not undertake the sale of the heaters unless he would secure the exclusive agency in the county of Tulare. Mr. Meehan replied that Mr. Speer had the exclusive contract for the state, so that any contract must come from Mr. Speer, and that he would take the matter up with the defendant Speer,

and have such a contract prepared and sent to plaintiff. A contract was prepared in the office of the appellant and sent to plaintiff. Plaintiff objected to some of its terms and so notified Mr. Meehan personally. The latter acquiesced in the objections made by plaintiff and in the suggestions made by plaintiff as to certain changes in the contract, which if made would render the contract acceptable to plaintiff. These changes were embodied in a subsequent draft of the contract, prepared in the office of the appellant, and the same was executed both by the plaintiff and Speer. During the time these negotiations regarding the terms of the contract were pending the plaintiff and Meehan engaged in interesting prospective purchasers in Tulare County in the purchase of the type of heaters covered by the contract and which were manufactured by the appellant. Among those solicited by the plaintiff and Meehan in their joint efforts to make sales of heaters was the owner of the Camilla Grove, who, as a result of the efforts of plaintiff, together with the assistance of Meehan, purchased ten thousand of said heaters. The contract between plaintiff and Speer is dated September 5, 1925, and the plaintiff testified that he signed it on that date, and on September 15, 1925, he gave it to his wife to mail, and was under the impression that it had been mailed on the last-named date. On the morning of October 6th plaintiff left on a hunting trip. Just before his departure he received a telegram from Meehan asking him to go to the Camilla Grove and give a further demonstration. Plaintiff had Morehouse, who was then in his employ, make the required demonstration of the heaters on said grove. On the same day Meehan wired plaintiff that ten thousand heaters had been sold to the owner of the Camilla Grove. This telegram did not reach plaintiff until his return from the hunting trip, which was on the 11th of October. The plaintiff then found that the contract between himself and Speer had not been mailed to Speer. He thereupon forwarded the contract to Speer, who refused to accept it for the reason, as stated by him, that he had surrendered his contract covering Tulare County "to the manufacturers several weeks ago." About October 14th the plaintiff had a conversation with Meehan, in which the latter informed plaintiff that Speer had relinquished all his rights in Tulare County, and for that reason no com-

missions were due him on the sale of the heaters for the Camilla Grove. Meehan further told plaintiff that as he did not make the sale he should not expect any commission. It does not appear that Speer ever claimed any commission on the sale of these heaters. This was probably due to the fact that he had surrendered his contract before the sale was made, and for the further reason that by his contract he was simply appointed by appellant to represent them in territory described therein as its agent in the sale of heaters manufactured by apppellant. No attempt was made therein to give him the exclusive agency in any territory whatever. He could not, therefore, have given the plaintiff the exclusive agency for the sale of said heaters in the county of Tulare. It is not shown, however, that plaintiff knew the extent of Speer's contract with appellant, but it plainly appears that Meehan, the secretary and representative of the appellant, must have been familiar with the terms of said contract, and he not only informed plaintiff that Speer could give him an exclusive agency contract, but Meehan had prepared in the office of the appellant such a contract, which was later signed by Speer and the plaintiff. Not only did Meehan represent to plaintiff that Speer had authority from appellant to give to the plaintiff such a contract, but on the strength of these representations he induced the plaintiff to advertise said heaters and to give numerous demonstrations as to their capabilities on the Camilla Grove and elsewhere in said county of Tulare for the purpose of inducing owners of citrus groves to purchase the same. The evidence shows that on the very day on which the plaintiff was informed by Meehan that the heaters here in question were sold the plaintiff was directed by Meehan to give a further demonstration of said heaters to the owner of said grove. These directions were carried out by the plaintiff through his employee, Morehouse. The sale was made by written contract, executed by the appellant and the owner of the Camilla Grove in San Francisco on the second day of October, 1925. Just why Meehan directed plaintiff to give a further demonstration of the heaters on the sixth day of that month and after the sales contract had been executed does not appear, but it is clear that he did so and that his directions were complied with by plaintiff. The plaintiff testified that he made five or six trips to the

Camilla Grove for the purpose of interesting the owners thereof in the purchase of said heaters. On more than one of these visits demonstrations were given by him of the heaters. On some of these trips he was accompanied by Meehan, and the evidence shows without conflict that the two men worked together for weeks in introducing, advertising and demonstrating said heaters in different parts of the county of Tulare, and that during all of this time Meehan was assuring plaintiff that he would receive a commission on sales made by him in said county, and that he would receive an exclusive agency covering said county for the sale of said heaters. It is true that this agency was to come through Speer, but the latter had no contract which would authorize him to give such authority, which fact must have been known to Meehan at all times, as he was not only the secretary of the appellant, but he appears in a large degree to have had charge of its sales department, particularly was that the case in its dealings with the plaintiff. In fact, Meehan appears to have been the only officer or representative of the Kittle Manufacturing Company with which the plaintiff had any dealings. He was not produced as a witness at the trial. The evidence of the plaintiff, therefore, regarding his dealings with Meehan is not denied either by Meehan or by any other witness. This evidence, in our opinion, fully sustains the findings of the court in favor of plaintiff, including the finding hereinbefore set out.

It is contended, however, that even if this evidence sustains the contention of plaintiff that he held an exclusive contract for the sale of heaters manufactured by appellant covering the county of Tulare, he has still not shown any right of recovery against appellant, as the contract of sale for said heaters was executed in San Francisco, and outside the said county of Tulare. Appellant insists that there is a broad difference between an exclusive agency for the sale of merchandise in a certain territory and an exclusive right to make sales in that territory. In the former case, according to appellant's contention, the agent would have the right to recover only for commissions on sales which were actually made in said territory, while in the latter case upon a sale being made of merchandise to be used in said territory, the agent would be entitled to a commission, notwithstanding said sale was made and consummated without the

territory. It may be conceded that this distinction as to the legal effect of these two classes of contracts exists as contended for by appellant. We do not think, however, that this principle of law alters the liability of the appellant toward the plaintiff. In support of its contention that the plaintiff cannot recover for the reason that the contract for the sale of the heaters was made in San Francisco and not in the county of Tulare, the appellant relies upon the following decisions of the courts of this state: *Golden Gate Packing Co.* v. *Farmers' Union,* 55 Cal. 606; *Haynes Auto Co.* v. *Woodill Auto Co.,* 163 Cal. 102 [40 L. R. A. (N. S.) 971, 124 Pac. 717]; *Parry* v. *American Motors etc. Co.,* 25 Cal. App. 706 [145 Pac. 165]. In each of these actions the agent sued for a commission on sales alleged by him to have been made within the territory in which he held an exclusive agency. Recovery was denied in all of these actions. But it was not shown or claimed in any of said actions that the agent had anything to do with negotiating the sale upon which he claimed a commission. In the cases of *Haynes Auto Co.* v. *Woodill Auto Co., supra,* the decision states that "Defendant (the agent) does not assert that it had anything to do with negotiating the sale, but bases a claim for compensation solely upon the contract between it and the plaintiff by which the Woodill Auto Company was given the exclusive sale in Los Angeles and vicinity of the cars manufactured by plaintiff." In *Parry* v. *American Motors etc. Co.,* 25 Cal. App. 706, 710 [145 Pac. 165, 166], the court said: "The evidence as to the sale of these cars, however, shows that, although sold to residents of Alameda County, the sales were made in San Francisco. It is not shown by the plaintiff that in order to effect these sales the defendant's representatives or employees entered the territory of the plaintiff. We think, therefore, that such sales do not come within the terms of the contract, so as to entitle the plaintiff to a commission or discount thereon." In the present action, as we have already seen, the appellant did invade the territory of the plaintiff. Not only did its representative visit Tulare County, but he importuned the plaintiff to undertake the sale of the heaters in said county, and assured plaintiff that he would receive a commission upon all sales made in said county. Upon this assurance on the part of the representative of appellant the plaintiff ren-

dered services for appellant in demonstrating the heaters upon the Camilla ranch, which, we cannot help but believe, materially contributed to the sale upon which he now claims a commission. These facts take the present action out of the rule enunciated in the authorities cited by appellant, and render the appellant liable to plaintiff for the commission upon the heaters, the sale of which was largely due to the efforts of plaintiff. From the evidence it appears that the owner of the Camilla Grove resided or had its principal place of business in the city of San Francisco, and it was no doubt due to that fact that the contract for the sale of the heaters was made and executed in that city.

The further claim is made that plaintiff's cause of action should be against Speer alone and not against appellant. We think the finding already referred to sufficiently answers this claim. From this finding it appears that the appellant represented to the plaintiff and led him to believe that his contract provided for the payment of commissions on all sales of heaters to be installed in Tulare County, and with full knowledge that plaintiff so interpreted his contract, the appellant permitted, encouraged and requested the plaintiff to advertise and demonstrate heaters on the Camilla Grove. The evidence further shows that the appellant through its representative Meehan informed plaintiff that Speer had relinquished his contract and that for that reason the plaintiff had no claim for a commission on the heaters sold. These facts unquestionably establish a just and legal claim in favor of plaintiff and against the appellant.

The judgment is affirmed.

Seawell, J., and Preston, J., concurred.