Rowe, J.
The defendant’s brief describes this action as follows:
“This is an action of contract wherein the plaintiff seeks to recover the sum of two dollars per week ‘for services ’ and during the trial the plaintiff amended the declaration by asking for ‘a deed to the property,’ which motion was allowed. . . . By awarding the sum of *268 $178 for services the court gave the plaintiff what he did not ask for, to wit, a money judgment. This was entirely beyond the jurisdiction of the court if we ’ are to try cases on the pleadings.”
The defendant, to be aggrieved by the finding for the plaintiff, must be prejudiced by the denial by the trial judge of his sole request for ruling which he filed, to wit “the agreement for the sale of real estate is not enforcible unless it is in writing.” Irrespective of the correctness of this statement of law the judge did not attempt to enforce the agreement described in the request.
He made a finding for the plaintiff for $178 for services. There was an original agreement for $2 per week for services, claimed later to be modified by agreement for further help in consideration of which the defendant was to deed certain real estate to. the plaintiff. The trial judge found specially that “I therefore find that the plaintiff is entitled to recover the sum of $2 per week from the middle of April, 1941 to December, 30, 1942 amounting to $178.”
The defendant now urges that the case should be tried on the pleadings. If the defendant considered that there was a variance between the plaintiff’s declaration and the evidence he could have protected himself by a request for a ruling to that effect. Pacheo v. Medeiros, 282 Mass. 416, 420. On the evidence presented at the trial the court was justified in the finding of $178 for the plaintiff.
The defendant argues that the trial judge undoubtedly realized that he was without jurisdiction to order specific performance and that “apparently the court then awarded the plaintiff a judgment in cash, which the plaintiff did not ask for in his declaration. It is not within the province of a trial judge to so manipulate the testimony as to give a plaintiff what he does not ask for in his pleadings.”
*269 If we consider the defendant’s request as being broad enough to be construed as a request that the plaintiff cannot recover because the agreement was oral and not in writing, even then he would not be aggrieved because such general request would not call to the attention of the trial judge to the fact that a question of pleading was being raised. Garfield v. Peerless Motor Car Co., 189 Mass. 395, 404.
Notwithstanding the wording of the plaintiff’s declaration and the request which was filed in the instant case the trial judge could find for the plaintiff in any amount which in any form of declaration would have been justified on the evidence. Rubin v. Huhn, 229 Mass. 126. Weiner v. D. A. Schulte, 275 Mass. 379, 385.
Hence since the trial judge was justified on the evidence in finding for the plaintiff in the sum of $178 and as no question of pleading was raised at the trial, there was no prejudicial error in the denial of the defendant’s request for ruling.
The trial judge made special findings. These were made of course after the time for the filing of requests at the trial had passed. If the defendant sought to raise the question of inconsistency between the special findings and the general finding for the plaintiff he could have raised that question as a matter of right by a motion for a new trial. Duralith Corp. v. Leonard, 274 Mass. 397, 401.
There being no prejudicial error in the case, the report must be dismissed. So Ordered.